339 So.2d 1295 (1976)
Melvin BANKS, Individually and as Administrator of the Estate of his minor son, Kevin Banks
v.
TERREBONNE PARISH SCHOOL BOARD et al.
No. 10936.
Court of Appeal of Louisiana, First Circuit.
November 15, 1976.
*1296 Edward Dixon, New Orleans, for plaintiffs and appellants.
Anthony D. Ragusa and Edmund McCollam, Houma, for Terrebonne Parish School Board, appellees.
Edward B. Lobman, New Orleans, for Chester Dillard and appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge:
Kevin Banks, fifteen years old, injured his neck and back while performing a tumbling exercise over stacked chairs in a school gymnasium. This lawsuit followed. The trial court dismissed the suit by Melvin Banks (in his own and his son's behalf), finding no negligence on the part of either Coach Chester Dillard or the Terrebonne Parish School Board or its public liability insurer, The Travelers Insurance Company, in this accident. We affirm the judgment of the trial court.
The accident occurred in the Southdown Middle School Gymnasium on January 29, 1974, during the physical education class. Kevin Banks was a student member of the physical education class in the eighth grade at Southdown Middle School at the time of the accident. The class was taught by Coach Dillard, one of the named defendants. On the date in question Kevin arrived at the gymnasium about 11:00 o'clock a. m. At the time of his arrival several fellow students were engaged in a tumbling activity, which consisted of a diving roll over two or three folding-chairs stacked on top of each other on the gymnasium floor. The students in turn would approach the stacked chairs, hit a spring board, and dive head first over the chairs, landing on a mat on the other side, where they tumbled over the landing area.
While Kevin was jumping, his foot apparently struck the chairs causing him to hit the landing mat on his head rather than on his feet, resulting in the injury which precipitated this suit. The attending physician diagnosed his injury as a very slight subluxation of the cervical spine (at C-2 and C-3) which responded to conservative treatment.
At the time of the incident Coach Dillard was on the stage at one end of the gymnasium collecting valuables from other students who were to dress out and then take part in the physical education exercises, so he did not observe the tumbling activity or see Kevin Banks get hurt. After his injury, Kevin reported the incident to Coach Dillard who sent him to the principal's office. There he reported the incident and called his mother. Kevin was taken to the hospital, where he remained for 10 days.
The particular type of class activity in which Kevin was engaged was permissable and a recognized acceptable form of physical education at the school. The evidence establishes that Coach Dillard is a qualified and competent instructor in this field, including the type of gymnastics in which Kevin was engaged and that the coach properly instructed the students in his class, including young Banks, in this type of gymnastics.
The evidence establishes, and the trial court found, that the particular tumbling activity was not authorized at the time or under the circumstances, but that a number of students were engaging in the activity contrary to the school rules and regulations governing such activities. The testimony in this case is to the effect that students were not authorized to participate in this type of gymnastics until they had properly dressed *1297 out and the roll call of the students had been taken by the coach. Only then, and under supervision of the coach, were the students authorized and permitted to perform this type of activity. The evidence also shows that the students, including Kevin Banks, were properly instructed in tumbling by the coach. We are convinced from the evidence that on this occasion Kevin and his fellow students were performing the tumbling activity of their own accord in the gymnasium prior to the physical education class actually commencing, without any supervision of the instructor. There is no testimony that the particular tumbling activity was authorized by Coach Dillard. In fact, he testified that he would not allow unsupervised tumbling exercises; and that if he had been aware of the activity, he would have stopped it. The evidence establishes that the coach was not aware of the unauthorized activity going on because he was busy collecting valuables from other students and with other matters preliminary to getting a physical education class started. There is just no way that a teacher can give personal attention to every student all of the time.
The court in McDonald v. Terrebonne Parish School Board, 253 So.2d 558, 562 (La.App. 1st Cir. 1971), writ ref. 260 La. 128, 255 So.2d 353 (1971), commented:
"The fact that each student is not personally supervised every moment of each school day does not constitute fault on the part of the School Board or its employees."
In Selleck v. Insurance Company of North America, 182 So.2d 547 (La.App. 1st Cir. 1966), a student was injured when struck by a bicycle ridden by another student on the school playground contrary to school regulations. The court rejected the plaintiff's contention that school was negligent in not properly supervising the playground activities, and said at page 550:
"From the evidence before us we are unable to say that the school was negligent in providing only one supervisor for the overseeing of thirty to forty children. Plaintiff contends that an additional supervisor should have been with the children. The complaint is based on the failure to observe young Donald riding his bicycle. We find no validity or merit in this argument because necessarily the supervisor could not at one and the same time observe all actions of all children in all directions. Neither could such observations have been provided short of a supervisor for each child at large on the playground. We find no basis for finding a causal relationship between the lack of additional playground supervisors and the occurrence of the accident involved herein. Nor under the evidence presented herein is there a basis for holding that the supervisor was negligent merely by reason of the occurrence of the accident. Negligence, in this type (of) case does not attach by inference."
The plaintiff in Selleck tried to analogize the incident to automobile accidents. However, the court rejected this argument in the following language at page 551:
"The duty imposed on the playground supervisor to oversee the playing and other activities of children is quite different from the duty of a motorist to keep a sharp lookout ahead. The playground supervisor cannot be burdened with the duty to see and actively direct the movements of each child at all times. There is no analogy between the duties of a motorist and those of a school playground supervisor."
"As is often the case," the court said in Nash v. Rapides Parish School Board, 188 So.2d 508, 510 (La.App. 3 Cir. 1966), "accidents such as this, involving school children at play, happen so quickly that unless there was direct supervision of every child (which we recognize as being impossible), the accident can be said to be almost impossible to prevent."
The facts of the instant case bring it within the scope of the foregoing statements. Hence, the judgment appealed from is affirmed at the appellant's costs.
AFFIRMED.