432 So.2d 1230 (1983)
Robert BROWN, a minor who sues By his father and next friend, Major BROWN
v.
CALHOUN COUNTY BOARD OF EDUCATION.
81-892.
Supreme Court of Alabama.
May 27, 1983.
William H. Rhea, III of Rhea, Boyd & Rhea, Gadsden, for appellant.
J.M. Sides and Thomas E. Dick, Anniston, for appellee.
PER CURIAM.
This is an appeal from a directed verdict entered by the Circuit Court of Calhoun County in favor of the Calhoun County Board of Education at the close of plaintiff's evidence.
Robert Brown, who sued through his father and next friend, Major Brown (plaintiff), sued the Calhoun County Board of Education (the Board) claiming that it was under an express or implied contractual obligation to maintain a safe atmosphere for the students under its supervision during school hours. Plaintiff claimed that the Board breached that obligation when plaintiff was struck on February 28, 1980, by another student.
At the time of the alleged assault, Robert Brown was 11 years old and a student at Walter Welborn Elementary School, a public school under the control of the Board. He was at his physical education class playing with several other boys on the school playground. Mr. Robert Davis, the physical education teacher, was in charge of 50 to 60 students on the playground. While the plaintiff was playing softball with several other students, another student, David Whittaker, allegedly hit him in the head with a baseball bat. He suffered a concussion and permanent hearing loss in his right ear. Several weeks prior to the assault, *1231 plaintiff's father, Major Brown, discussed with the assistant principal and the principal David Whittaker's alleged acts of picking on Robert and disturbing him in his class.
The case was tried in the lower court on the theory of express or implied contract as set forth in the complaint, or in the alternative, strict liability.
The issue presented for our consideration is whether the trial court erred in directing a verdict for the Board in this case where the plaintiff attempted to prove an express or implied contract on the part of the Board to provide a safe atmosphere for students under its control, or in the alternative, strict liability. We hold that it did not, and affirm.
Rule 50(e), A.R.C.P., provides:
The court may direct a verdict, or enter judgment in accordance with the motion for directed verdict, or enter judgment notwithstanding the verdict under this rule, whether or not the party making the motion has the burden of proof, in accordance with the scintilla evidence rule.
Plaintiff failed to submit any evidence of an express contract on the part of the Board, but instead rests his case on the implication of a contract as a matter of law. Plaintiff's attorney, in his brief, candidly admits that there are no Alabama cases holding that a school board is impliedly obligated to furnish a safe atmosphere to students under its jurisdiction. In fact, the two cases cited by the plaintiff are California cases and they would allow recovery under appropriate circumstances under a negligence theory rather than a contract theory. Dailey v. Los Angeles Unified School District, 2 Cal.3d 741, 470 P.2d 360, 87 Cal.Rptr. 376 (1970); Forgnone v. Salvadore Union Elementary School District, 41 Cal.App.2d 423, 106 P.2d 932 (1940).
Even if plaintiff had tried his case under a negligence theory, the only negligence that plaintiff possibly could point to would have been the failure of the Board to have more than one teacher in charge of 50 to 60 students at physical education classes on the playground. In order for plaintiff to recover under the evidence presented in the complaint filed, we would have to breathe life into a cause of action or causes of action that have heretofore never existed in this state. We respectfully decline to do so.
There being no cause of action in implied contract or strict liability, no amount of evidence would be sufficient to allow the plaintiff to recover. Therefore, the trial judge was correct in granting the directed verdict and his judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.
EMBRY, J., concurs in the result.
TORBERT, Chief Justice (concurring).
Agreeing that the plaintiff has stated no cause of action in this case, I would not comment on the sufficiency of the evidence.