The issue in this case is whether the trial court erred in granting the summary judgment motion of defendants John Houtz and Brent Smith on the plaintiffs' claim for negligent supervision.
John Best and his mother Sandy Purser filed this lawsuit on September 25, 1987, alleging negligent and wanton misconduct against the Huntsville City Board of Education and two physical education teachers, Houtz and Smith. On September 26, 1986, Best, who was in the eighth grade at the time, slipped on a puddle of water during physical education class and fell and broke his left elbow. At the time, he was playing basketball in the gymnasium at Mountain Gap Middle School in Huntsville, Alabama. Houtz and Smith were the two physical education teachers in charge of the class. The Board was later dismissed because of its immunity to suit on tort claims. SeeEnterprise City Bd. of Ed. v. Miller, 348 So.2d 782 (Ala. 1977). The two teachers moved for summary judgment, and the trial court granted their motion.
Best claims that there was a material question of fact as to whether Houtz and Smith breached their duty of reasonable supervision. The standard for review of motions for summary judgment was stated by this Court in Cabaniss v. Wilson,501 So.2d 1177, 1182 (Ala. 1986):
 "A motion for summary judgment may be granted only when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Fountain v. Phillips, 404 So.2d 614, 618 (Ala. 1981). Furthermore, all reasonable doubts concerning a genuine issue of material fact must be resolved against the moving party. Couch v. Dothan-Houston County Airport Authority, Inc., 435 So.2d 14 (Ala. 1983)."
Best contends that this case should be governed by the "scintilla rule" because his injury occurred prior to June 11, 1987, the effective date of Code of Ala. 1975, § 12-21-12, which replaced the scintilla rule with the "substantial evidence rule" for all cases not pending on that date. Best did not file this action until September 25, 1987, and thus, under the clear language of the statute, this case is governed by the substantial evidence rule. Best argues that we should ignore the plain language of the statute and apply the scintilla rule because, he argues, failure to do so would result in "the deprivation of plaintiff's rights." Best does not give this Court any indication of which of his rights would be affected or any authority for this proposition. However, the result of this case would be the same under either rule, for Best produced no evidence that Houtz and Smith breached any duty owed to him. *Page 10 
The depositions, affidavits, and answers to interrogatories before the trial court at the time of the submission of the summary judgment motion showed the following: It was raining heavily at the time of Best's physical education class, so the class had to be conducted inside the gymnasium. Houtz was supervising the ten boys (including Best) who were playing basketball; Smith was supervising the other boys who were watching the game and waiting for their turn to play. The game progressed for several minutes back and forth along the court before Best slipped on the water and fell. The puddle of water was roughly located under a vent in the ceiling. Neither Houtz, Smith, nor Best had seen any water on the floor prior to Best's fall, and none of them had seen any water dropping from the vent. None of the other boys had said anything about seeing water on the floor. Houtz and Smith had both been teaching at Mountain Gap only a few weeks, and neither of them had any knowledge that the vents leaked or that water had ever accumulated on the floor. Houtz and Smith both stated that it was their practice to immediately wipe up water or sweat on a gymnasium floor if they saw any, but that neither of them had seen any water on the floor prior to this class. Best stated that after his fall he heard someone say "to get the water up again," but he did not know who that person was.
"Speculation and conclusory allegations are insufficient to create a genuine issue for trial." Bogle v. Scheer,512 So.2d 1336, 1340 (Ala. 1987).
All the evidence before the trial judge indicated that neither Houtz nor Smith knew of the water on the floor or of any tendencies for the vents to leak. There was no evidence presented as to how long the water had been there. The water could have fallen prior to class or even during class just seconds before Best's fall; such speculation cannot create a genuine issue for trial. Bogle, supra. Best did submit an affidavit from another student 11 days after the submission of the summary judgment motion that stated that he had seen the water on the floor prior to Best's fall. Without a showing of circumstances that prevented presenting evidence prior to the submission of a summary judgment motion, any material filed after submission comes too late. Moore v. Glover,501 So.2d 1187, 1189 (Ala. 1986). Even if the tardy affidavit had been timely filed, it shows that this student did not inform anyone of the water he says he saw, and thus, his knowledge could not be imputed to the defendants.
All the evidence before the trial court showed nothing more than two physical education teachers exercising reasonable and proper supervision over the students in their class. For the above reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.