The plaintiffs, Timothy M. Stevens, 14 years of age, suing by and through his father and next friend, A.C. Stevens; and A.C. Stevens, individually, appeal to this court following the Geneva County Circuit Court's entry of a summary judgment in favor of the defendant, Donnie Chesteen.
The Stevenses sought to recover damages based on injuries suffered by Timothy Stevens as a result of allegedly negligent or wanton conduct of the defendant, Donnie Chesteen.
Timothy Stevens was injured in a motorcycle accident on or about December 23, 1987. His injuries required that he undergo surgery to repair damage to his left knee. The doctor who performed the surgery allegedly told Timothy and the officials of the Geneva school system that Timothy was to be restricted from strenuous or hazardous activity that could result in further injury to his knee.
In his brief to this Court, Timothy Stevens argues that on or about February 11, 1988, he was instructed by Chesteen, his physical education teacher, to go to the Geneva High School football field with his physical education class. Timothy had been excused from participation in physical education classes and this fact was allegedly known to Chesteen. While at the football field, Timothy did not engage in the game of touch football that was being played, but stood on the sidelines and watched the action on the field. The evidence indicates that while Timothy was standing on the sidelines, his attention was diverted to some commotion in the stands, and he did not see the players that were coming toward him from the field of play. While chasing a ball carrier, one of the players ran into Timothy and severely reinjured his knee. This reinjury necessitated further treatment and surgery.
Timothy further alleges that after the class was sent to the football field, he did not see Chesteen. Chesteen, however, disputes this account and asserts that he was present when the injury occurred. In opposition to Chesteen's motion for summary judgment, Timothy produced the separate affidavits of two students who were present at the time of his injury. These two students stated that Chesteen was not present on the football field at the time of the injury, but was in a storage shed on the visitors' side of the field. One of the students stated that he went to the fence at the edge of the field and called to Chesteen, but that Chesteen did not hear him until he called a second time.
Timothy was carried to the coach's office by several students. He waited there until his mother arrived and transported him to the hospital.
 Summary Judgment
In order for the trial court to properly enter summary judgment, there must be no question of material fact and the moving party must be entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The trial court entered a summary judgment for Chesteen but stated no reason for entering the summary judgment. The complaint was filed on March 30, 1989; thus, the "substantial evidence" rule applies. Code 1975, § 12-21-12
(Cum.Supp. 1989).
 Negligent Supervision
Chesteen argues that Timothy's complaint alleged "negligence and improper supervision . . . by ordering [Timothy] against doctor's orders to participate in physical education class and by forcing plaintiff to *Page 1102 
go to a hazardous area." Chesteen points to Timothy's deposition testimony and argues that that testimony itself contradicts any claim that Chesteen "ordered" Timothy to participate in physical education or that Timothy was "forced" to go to a dangerous area. Timothy's deposition testimony shows that he was aware that he was not to participate in physical education class and that Chesteen was also aware of that restriction and had excused Timothy from participation. Timothy, in fact, was not participating in the class at the time of his injury, but was standing off to one side of the football field looking up in the stands.
 Plaintiff's Complaint
Timothy argues that his complaint alleged negligent supervision and, alternatively, that Timothy was "ordered" to participate in class and to go to a hazardous area. Count I of Timothy's complaint is as follows:
 "On or about February 11, 1988, at the Geneva High School football stadium, the defendant negligently caused, or allowed the plaintiff, Timothy M. Stevens, to be injured during a physical education class by failing to provide proper supervision, by ordering plaintiff, Timothy Stevens, against doctor's orders, to participate in physical education class, and by forcing plaintiff to go to a hazardous area, thereby placing his welfare and safety in jeopardy and making the chance for injury highly foreseeable and likely to happen." (Emphasis supplied.)
The essence of the complaint is that Chesteen was guilty of negligence either in failing to provide proper supervision for the class or in ordering Timothy to participate. We must agree with the defendant's argument that Timothy's deposition negates any question of negligent supervision. The deposition testimony cited by the defendant shows that Chesteen did not force Timothy to participate in the physical education class at which he was injured. In fact, Timothy's deposition testimony indicates that he was excused from participation in the class and that he was not a participant at the time of the accident. Moreover, Timothy stated that he felt that he was a safe distance away from the action on the field before he was injured.
 Counter-affidavits
Both sides presented affidavits in support of their positions at the hearing on the motion for summary judgment. Chesteen presented the affidavits of two Geneva County school officials who indicated that Chesteen, an employee of the Geneva County school system, had not acted negligently. Timothy offered affidavits of two fellow students, both of whom alleged that Chesteen was not with the class at the time of the injury. Timothy's affidavits were not timely filed. It does not, however, appear in the record that the defendant ever objected to their being produced on the date of the hearing on the motion for summary judgment. It follows that this timeliness issue is waived at this point. Hutchins v. State Farm MutualAutomobile Ins. Co., 436 So.2d 819 (Ala. 1983).
 Holding
There are few Alabama cases setting out the duty of a physical education teacher to adequately and reasonably supervise his charges. Best v. Houtz, 541 So.2d 8 (Ala. 1989), does create a duty of "reasonable supervision" but does not define that duty. Thus, we will examine the decisions of other states.
In the case of Banks v. Terrebonne Parish School Board,339 So.2d 1295 (La.App. 1976), the court was faced with a negligence suit against a physical education teacher. The injury in Banks occurred as a result of "unauthorized" tumbling performed by students before the beginning of the class. The teacher was in the gymnasium at the time but was some distance away collecting valuables from students who were getting dressed for class. It does not appear that the teacher was aware of the "unauthorized" tumbling going on at that time. The court stated:
 "There is just no way that a teacher can give personal attention to every student all of the time. *Page 1103 
 "The court in McDonald v. Terrebonne Parish School Board, 253 So.2d 558, 562 (La.App. 1st Cir. 1971), writ ref. 260 La. 128, 255 So.2d 353 (1971) commented:
 "The fact that each student is not personally supervised every moment of each school day does not constitute fault on the part of the School Board or its employees."
Banks, 339 So.2d at 1297. The court also stated that the mere fact that an accident occurred is not evidence of negligence, and that negligence in this type of case will not be found "by inference." Id. at 1297.
In a similar case, the Supreme Court of Louisiana found that a physical education teacher had not acted negligently. SeeWilkinson v. Hartford Accident Indemnity Co., 411 So.2d 22
(La. 1982) (teacher not present when physical education students engaged in an unauthorized footrace resulting in injury).
After reviewing the depositions, affidavits, and other materials before the trial court at the time of submission of the motion for summary judgment, we are satisfied that the trial court properly entered the summary judgment in favor of the defendant. In Best v. Houtz, 541 So.2d 8 (Ala. 1989), it was held that a physical education teacher has a duty of "reasonable supervision." We find that the affidavits produced by Timothy do not show that Chesteen breached any duty that may have been owed to him. Cf. Best v. Houtz, supra (summary judgment upheld in favor of teacher in negligence case). In the case of Sheehan v. St. Peter's Catholic School, 291 Minn. 1,188 N.W.2d 868 (1971), the Minnesota Supreme Court stated that "recovery [is permitted] if there is evidence from which a jury could find that supervision would probably have prevented the accident." It has also been recognized that a physical education teacher has a duty to use "reasonable care" to prevent injuries and to adequately and properly supervise his students' activities. Luce v. Board of Education of Village ofJohnson City, 2 A.D.2d 502, 157 N.Y.S.2d 123 (1956).
The question whether certain conduct amounts to "reasonable supervision" and whether supervision would have prevented the injury complained of is, of course, a question that must be answered on a case by case basis. However, it must always be remembered that the reality of school life is such that a teacher can not possibly be expected to personally supervise each student in his charge at every moment of the school day. Moreover, Timothy was engaged in a common practice in standing on the sidelines and watching the game progress.
The affidavits and depositions in the record clearly indicate that Timothy was not participating in a physical education class and was not on the playing field either before or at the time the accident occurred. There is no evidence to indicate that Chesteen forced Timothy to go to the field or to the stadium. The affidavits produced by Chesteen, on the other hand, tend to indicate that Chesteen did not act negligently in his supervision of the class. Timothy did not produce any evidence that had Chesteen been present, if in fact he was not, the accident would not have occurred. See, Sheehan, supra. Even if Chesteen had been present, this accident could have occurred in the same manner.
On these facts, where there is no other evidence negligence, we can not hold that Chesteen's mere absence from class amounts to a breach of the duty of reasonable supervision. Teenagers like Timothy often engage in "pick-up" football games that are completely unsupervised. This case involved a "touch" football game, and not a tackle game, thus making violent collisions involving bystanders on the sidelines unlikely. Moreover, we note that Timothy was not a child of tender years and, as a reasonable person, had a duty to maintain a certain vigilance for his own safety and well being. Chambers v. Milner Coal Ry., 143 Ala. 255, 39 So. 170 (1905).
Based upon the foregoing, we hold that the trial court properly entered the summary judgment for Chesteen. That judgment is affirmed.
AFFIRMED. *Page 1104 
MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.