This is an appeal from a summary judgment in favor of the defendants in a negligent supervision action.
On September 22, 1986, Demeatress Green, a fourth-grade student attending Whatley Elementary School in Birmingham, Alabama, while participating in outdoor exercises during her class's physical education ("P.E.") period, was struck on the head by a rock thrown by a sixth-grade student. That sixth-grade student, whose class was also participating in P.E. exercises, threw the rock with the intent of hitting Demeatress's brother, Reginald Green, who that sixth-grade student thought had kicked him in the leg while he (the sixth-grade student) was standing around talking to his classmates. Upon being struck in the temple with the rock, Demeatress fell to the ground, whereupon Reginald ran to her aid. Seeing Demeatress lying motionless on the ground, some teachers ran to her aid, too. Demeatress spent two weeks in a hospital. Following her release from the hospital, she started to experience seizures, a condition that she had no history of prior to the incident at school.
In a complaint filed on behalf of Demeatress by her mother, Josephine Green, and her father, Arthur Scales, Demeatress asserted that her school teacher, defendant Jimmy Tyus, had deliberately violated his duty to supervise the activities of his students by placing one of his students in charge of watching his class while he, Tyus, went inside the school building.[1] Furthermore, Demeatress also asserted that Norman Bester, principal at Whatley Elementary School, and Mary Delaine, the sixth-grade teacher of the rock-throwing student, were negligent in their supervision of the students during the P.E. period when Demeatress was injured.
After filing their answer, the defendants filed a motion for summary judgment. In their brief filed in support of their motion, they denied that they were negligent in the supervision of the P.E. students on the day of the accident. Following a hearing on the motion, the court entered a summary judgment for the defendants. The plaintiff appeals.
Because this lawsuit was filed after June 11, 1987, the "substantial evidence rule" is the applicable standard for testing the correctness of the trial court's ruling on the summary judgment motion. See Ala. Code 1975, § 12-21-12
(Cum.Supp. 1989). Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. The sole question in this appeal is whether, once the defendants made a prima facie showing that their actions did not cause the injury, the plaintiff overcame *Page 794 
that prima facie showing with "substantial evidence" that the defendants failed to "reasonably supervise" the activities of the P.E. students on the day of Demeatress's injury and that their failure caused the injury.
The case of Stevens v. Chesteen, 561 So.2d 1100 (Ala. 1990), involved a negligent supervision action brought by a student and his parents against a physical education teacher. The teacher had permitted the student, who had earlier injured his knee in a motorcycle accident and was recuperating from a knee operation, to stand on the sidelines of a football field to watch a touch football game. He reinjured his knee when a player ran into him while chasing a ball carrier. This Court, in defining the duty of "reasonable supervision" owed by a physical education teacher to his students, said that the duty is breached if there is evidence from which a jury could find that supervision probably would have prevented the accident.[2]
After applying the Stevens standard to the facts presented to the trial court in this case, this Court cannot say that the trial court erred in entering the defendants' summary judgment. Whether the defendants breached a duty by not being present is insignificant, for the plaintiff did not produce any evidence that had all the defendants been present at the P.E. exercises the accident would not have occurred.
The evidence presented before the trial court showed that the actions of the sixth-grade student were so sudden and unexpected that no amount of teacher supervision would have prevented them. In his deposition testimony, submitted by the defendants, Reginald, the intended target of the sixth-grader's actions, testified as follows regarding the moments leading up to the accident:
 "Q. Let me see if I have got everything straight. First, [R.E., the sixth grade student] threw a little rock at you.
"A. Yes.
"Q. And you ran.
"A. Yes.
"Q. And you also yelled?
"A. Yes.
 "Q. Then, right after that, [C.] picked up a rock and gave it to [R.E.].
"A. Yes.
"Q. A big rock.
"A. Yes.
"Q. Then, [R.E.] threw that big rock at you, too.
"A. Yes.
"Q. And all that happened very quickly?
"A. Yes.
"Q. And you didn't throw anything back, did you?
"A. No.
 "Q. In fact, you didn't have time to throw anything back, did you?
 "MR. WILLIAMS [Plaintiffs' attorney]: Object to the form.
 "A. I was trying to run to my sister [Demeatress] and see what was wrong with her.
 "Q. Okay. I mean before — after he threw the first rock at you, the little rock, after [R.] threw that little rock at you, you didn't have time to even pick up a rock or do anything but run, did you?
"A. No.
 "Q. So, all you could do was run and get out of the way[?]
"A. Yes.
 "Q. Then, he threw the second rock at you, and it was the same thing. All you could do is run and get out of the way[?]
MR. WILLIAMS: Object to the form.
"A. Yes.
"Q. It happened that quickly[?]
"MR. WILLIAMS: Object to the form.
"Q. You need to go ahead and answer.
". . . .
"A. Yes."
The foregoing testimony given by Demeatress's brother clearly shows that the actions taken by the sixth-grader were so sudden and unexpected that no amount of planned teacher supervision would have prevented the incident. In the Stevens *Page 795 
case, supra, this Court noted that it is impossible for a teacher to personally supervise the actions of each student under his charge. Because the plaintiff presented no evidence to rebut the defendants' showing that the presence of all of the defendants at the P.E. exercises would not have prevented the rock throwing incident, the summary judgment was proper.
The judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] In his deposition testimony offered into evidence by the defendants, Tyus denies ever leaving his P.E. class in charge of one of his students on the day of the accident. Tyus stated that he was present with his class at the time of the accident.
[2] In Best v. Houtz, 541 So.2d 8 (Ala. 1989), this Court had held that a physical education teacher has a duty of "reasonable supervision" over the activities of his students.