The plaintiff, W.L.O., as the mother and next friend of A.O., a minor,[1] appeals from a summary judgment entered in favor of the City of Bessemer Board of Education ("the Board"); members of the Board; Hazel Smith, the principal of A.O.'s school; and Mary Blankenship, A.O.'s kindergarten teacher.[2] She also appeals from the dismissal of one of the claims in the complaint. The plaintiff's claims against each of the defendants arose out of a sexual assault that she alleges occurred on the school grounds.
On January 11, 1985, the child was a kindergarten student at Abrams Primary School in Bessemer. That morning she followed her routine in preparing for school and was given a ride to school by a neighbor. Upon arriving at school, the child ate breakfast at the cafeteria with her older sister. The sister then walked with the child to her classroom.
At approximately 10:00 that morning, the child used a restroom that was located inside the classroom. According to Blankenship's deposition, a teacher's aide entered the restroom after the child left and found splotches of blood on the floor and bloodstained tissue in the toilet. The aide reported her findings to the teacher, who asked the students if anyone had been hurt. Again according to Blankenship's deposition, the child raised her hand and said that she had a nosebleed. Blankenship was unable to find any evidence of a nosebleed and notified the principal, Smith. Smith took the child into the restroom and lowered the child's pants, whereupon she discovered blood on her underpants. She asked the child how she had been hurt, and, according to Smith's deposition, the child said she had fallen against a table.
The school notified the child's mother, who came to pick up the child. She then took the child home where, according to her deposition, she and the child's grandmother examined the child and discovered that her vaginal opening had been lacerated. Smith was called to the house. She also examined the child and then called the school janitor to come and drive the child and her mother to Children's Hospital in Birmingham. At the hospital, according to the mother's deposition, the child said she had been attacked on the school grounds during "play" by a white man and a black man whom she called "Salt" and "Pepper."
The child denied having any recollection of being assaulted. Therefore, the mother's deposition provides the only account of what the plaintiffs allege to be their version of how and when the assault against the child occurred. According to that testimony, the child told her mother that as she was going from the playground to a restroom, "Salt" and "Pepper" grabbed her, threw her to the ground, and assaulted her. After the attack, the child said, she ran to the school door where a janitor named David opened the locked door for her and let her into the school.[3]
The child's grandmother, who at the time was her legal guardian, filed an action in her individual capacity and on the child's behalf against the City of Bessemer, the Board, its members, Blankenship, and Smith. Count one of that complaint alleged *Page 24 
that the defendants had negligently or wantonly left the child unattended on the playground, thus allowing her to be assaulted. Count two of the complaint alleged that the defendants had breached an implied contract to provide the child with a safe place to attend school. In count three of the complaint, the plaintiff alleged that Smith and Blankenship were aware, or should have been aware, that "Salt" and "Pepper" were in the vicinity of the school and had been harassing children. She also alleged that the defendants' failure to protect the child from the assault deprived her of due process of law in violation of the Fourteenth Amendment and subjected the defendants to damages pursuant to 42 U.S.C. § 1983 and1985. Count three was later amended to include allegations that the defendants had acted in bad faith by failing to properly supervise the child. It also contained allegations that the defendants had conspired to conceal the "true facts concerning the . . . attack on [the child]."
After the complaint was filed, the child's grandmother died and the child's mother was substituted as the plaintiff.[4] The trial court later dismissed the breach of implied contract claim on the authority of this Court's decisions in Brown v.Calhoun County Board of Education, 432 So.2d 1230 (Ala. 1983); and Sims v. Etowah County Board of Education, 337 So.2d 1310
(Ala. 1976). It also granted the defendants' motion for summary judgment on the remaining counts in the complaint. The plaintiff appeals.[5]
 Negligence
The trial court entered a summary judgment on the negligence count based on its determination that, even assuming that the assault on the child occurred on school grounds, there was no evidence that Smith or Blankenship had acted negligently so as to allow the assault to occur. We agree. After reviewing the depositions of the child, various members of her family, Smith, and Blankenship, this Court concludes that none of those depositions contains any testimony that would indicate that the child was negligently supervised on the day that she was assaulted. Instead, those depositions indicate the existence of a serious dispute as to whether the attack took place, or indeed, could have taken place, at the child's school. Even viewing the evidence in the light most favorable to the nonmovant, as this Court is required to do, Turner v. SystemsFuel, Inc., 475 So.2d 539 (Ala. 1985), we agree with the trial court that the plaintiff failed to present any evidence of negligence.
The plaintiff seeks to overcome her failure of proof by arguing that negligence can be shown in this case by circumstantial evidence. However, as the trial court noted in its summary judgment, such a finding would necessarily be based on multiple inferences. Assuming that from the evidence one could draw an inference that the child was assaulted on school grounds, could one draw an additional inference that the attack occurred as a result of a faculty member's negligence? If so, would that second inference provide the evidence of negligence necessary to defeat the motion for summary judgment?
As to the first query, in Stevens v. Chesteen, 561 So.2d 1100
(Ala. 1990), a case that also involved allegations of negligent supervision, this Court held that the mere fact that an injury has "occurred is not evidence of negligence and that negligence in [negligent supervision cases] will not be found 'by inference.' " 561 So.2d at 1103 (citing Banks v. TerrebonneParish School *Page 25 Board, 339 So.2d 1295, 1297 (La.App. 1976). Because any finding of negligence would necessarily be the product of inference, our inquiry could end here. However, as stated earlier, the evidence before the trial court would not have supported an inference of negligence.
Notwithstanding the plaintiff's failure of proof, there are a number of policy reasons that argue against exposing the defendants to potential liability. In Stevens, supra, this Court recognized the impracticality of exposing teachers to liability for alleged negligent supervision: "[I]t must always be remembered that the reality of school life is such that a teacher cannot possibly be expected to personally supervise each student in his charge at every moment of the school day."561 So.2d at 1103. Also, this Court has been exceedingly reluctant to hold defendants liable for the criminal acts of third parties. See, e.g., Bailey v. Bruno's, Inc.,561 So.2d 509 (Ala. 1990). In Henley v. Pizitz Realty Co., 456 So.2d 272,277 (Ala. 1984), this Court held that defendants could not be held liable for the criminal acts of third parties unless they knew or had reason to know that a criminal act was about to occur on the defendants' premises. Finally, this Court has held that municipal boards of education, as agencies of the State empowered to administer public education in cities, are immune from tort liability. Enterprise City Board of Education v.Miller, 348 So.2d 782 (Ala. 1977).
For the reasons set out above, the summary judgment on the claim of negligence was appropriate.
 Breach of Implied Contract
The trial court dismissed that portion of the plaintiff's complaint alleging an implied contract between her and the Board to provide the child with a safe place to attend school. As this Court noted in Brown v. Calhoun County Board ofEducation, 432 So.2d 1230, 1231 (Ala. 1983), there are no Alabama cases holding that a school board is "impliedly obligated to furnish a safe atmosphere to students under its jurisdiction." The dismissal of that count was not error.
 Claim Under § 1983
The plaintiff alleges that the failure of the child's teacher and principal to protect her from the assault deprived her of due process of law, as that right is guaranteed by the Fourteenth Amendment, and that she is therefore entitled to damages under 42 U.S.C. § 1983. She also alleges that the defendants conspired to conceal the "true facts" surrounding the child's assault, again depriving her of due process of law and violating 42 U.S.C. § 1985.[6]
The trial court entered summary judgment on the § 1983 claim pursuant to the United States Supreme Court's decision inDeShaney v. Winnebago County Department of Social Services,489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). In DeShaney, the Court held that the Due Process Clause of the Fourteenth Amendment serves as a limitation on the States' power to act, and cannot be read as a guarantee of protection from the criminal acts of third parties. 489 U.S. at 196-97,109 S.Ct. at 1003-04. However, the Court did recognize that in cases where the State has imprisoned, institutionalized, or otherwise deprived an individual of his personal liberty against hiswill, a "special relationship" arises and the Constitution will impose a duty on the State to assume some responsibility for the individual's safety and well-being. 489 U.S. at 198-99,109 S.Ct. at 1005. In construing the Fourteenth Amendment's Due Process Clause, this Court must look to decisions of the United States Supreme Court for guidance. Because the child was not incarcerated or otherwise institutionalized, the Due Process Clause of the Fourteenth Amendment is not implicated in this case. DeShaney, supra. The summary judgment was proper as to that claim.
Finally, the plaintiff argues that the court erred by refusing to strike the depositions of Mitzi Green, a social worker for *Page 26 
the Department of Human Resources, and Leigh Turner Noel, the head of the rape response division at a private counseling center. Both Ms. Green and Ms. Noel investigated the assault and interviewed the child at the request of the Bessemer police department. They testified that, based on their interviews with the child, they had concluded that she had been assaulted at her home rather than at her school.
The plaintiffs argue that Ms. Green and Ms. Noel were not competent to give the testimony contained in their depositions, and that their conclusions invaded the province of the jury. However, determinations regarding the competency of witnesses to testify are within the discretion of the trial court,Pugh v. State Farm Fire Casualty Ins. Co., 474 So.2d 629
(Ala. 1985); Maslankowski v. Beam, 288 Ala. 254, 259 So.2d 804
(1972), and such determinations will not serve as grounds for reversal absent an abuse of that discretion. Brackett v.Coleman, 525 So.2d 1372 (Ala. 1988).
For the reasons set out above, the judgment of the trial court is affirmed.
MOTION TO DISMISS PORTION OF APPEAL DENIED.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] Because this case involves allegations of sexual abuse against a minor, and because disclosure of that child's name would not serve any purpose, this Court will refer to the child either by the initials "A.O." or as "the child." The plaintiff-mother will be referred to by the initials "W.L.O." or as "the mother." Rule 52, Ala.R.App.P.
[2] A separate final summary judgment was entered in favor of the defendant City of Bessemer. The propriety of that judgment is not an issue in this appeal.
[3] A number of the allegations in the mother's version of the child's story, including whether A.O., or any other child, ever left the school building that morning and whether a janitor let her back into the school, are refuted by the depositions of Smith, Blankenship, and both janitors at the school.
[4] The mother was substituted solely in her capacity as mother and next friend.
[5] The trial court entered a summary judgment as to the negligence and wantonness counts on January 26, 1990. On July 24, 1990, the court entered a second summary judgment as to the § 1983 and § 1985 claims. The defendants have asked this Court to dismiss the plaintiff's appeal except for the portion concerning the summary judgment on the § 1983 and § 1985 claims. They contend that the plaintiffs' notice of appeal makes reference only to the July 24, 1990, order. However, because that order made final the rulings as to all of the plaintiff's claims, the defendants' motion to dismiss is denied. The plaintiff does not appeal the summary judgment on her claim of wantonness.
[6] The plaintiff has not appealed the summary judgment as to her § 1985 claim.