N.J., a minor, appeals from a summary judgment entered in favor of Greater Emanuel Temple Holiness Church.[1] The complaint, filed by N.J.'s mother as next friend, alleged assault, rape, and failure to use due care in watching and supervising N.J. The mother, individually, claimed a loss of her minor child's services and society. We affirm.
The Greater Emanuel Temple Holiness Church housed a kindergarten designed to care for preschool children between the ages of three and six years. N.J., 10 years old at the time of the incident, was a member of the church, but was not enrolled in the kindergarten. Pursuant to an oral agreement between N.J.'s mother, the mother's sister (who was the kindergarten's head teacher), and the mother's aunt (who was the director of the kindergarten), N.J. and her sister were to report to the aunt at the church after school and remain there until 5:30 p.m., when they would then walk across the street to their house.
N.J. alleged that on an occasion sometime in February or March 1988, after playing outside on the church grounds, she entered the church building to use the restroom. She said she was approached by J.R., her second cousin, who lived with his family on the third floor of the church building and who was a frequent visitor at N.J.'s house; that J.R. told N.J that his *Page 1037 
older sister wanted to see her upstairs; that when N.J. returned from the restroom, J.R. escorted her to the second floor and into the bishop's conference room; that once they entered the conference room, J.R. locked the door, put N.J. on the floor, and raped her; and that afterwards, N.J. went downstairs and back outside, but did not at that time tell anyone about the rape. N.J. also alleged that J.R. raped her a second time, on a later date, under the same circumstances.
N.J. did not disclose the alleged rapes to anyone until, during a routine medical examination, the family physician found evidence of sexual relations. Although she initially denied that she had engaged in sexual relations, N.J. later told her mother that J.R. had raped her. J.R. was charged with rape. The mother stated in her deposition that J.R.'s criminal trial resulted in a mistrial on November 28, 1987.
On October 10, 1989, N.J., through her mother, filed this civil action against J.R. and the Greater Emanuel Temple Holiness Church. Count One alleged that J.R. had assaulted and raped N.J. Count Two alleged that the church had failed to use due care in watching and supervising N.J. in the day care program, "thereby allowing" the rape to occur. Count Three alleged that the mother had lost the services and society of the daughter.
The court entered for the church a summary judgment on all three counts.
On appeal, N.J. contends only that the summary judgment was improper on the negligent supervision claim. We disagree.
A summary judgment is proper upon a showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a summary judgment, we apply the same standard applied by the trial court — we review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Rothman v. Gamma Alpha Chapter of PiKappa Alpha Fraternity, 599 So.2d 9 (Ala. 1992) (citing Fincherv. Robinson Brothers Lincoln-Mercury, Inc., 583 So.2d 256
(Ala. 1991)).
Because this action was filed after June 11, 1987, the nonmovant must meet her burden by "substantial evidence." §12-21-12, Ala. Code 1975. That is, "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). Applying the substantial evidence standard to the facts, we find that the plaintiff failed to produce the substantial evidence needed to support a claim of negligent supervision against the church.
The plaintiff argues that her mother had an agreement with the church under which N.J. was to be supervised and cared for at the church, and that N.J. was, in fact, under the supervision of the church for approximately three years. Although there was evidence of a oral agreement between the mother, the head teacher, and the director to care for N.J. after school, there was no evidence that N.J. was, in fact, under the care of the church. The affidavit of the director of the kindergarten indicated that N.J. was not enrolled in the kindergarten, and the mother's deposition indicated that also.
We held in Stevens v. Chesteen, 561 So.2d 1100, 1103
(Ala. 1990), that the mere fact that an injury has occurred is not evidence of negligence and that in negligent supervision cases negligence will not be found by inference. See alsoW.L.O. v. Smith, 585 So.2d 22 (Ala. 1991). Assuming, without deciding, that there was an agreement that N.J. was to be supervised and cared for by the church, N.J. failed to produce any evidence demonstrating that the church negligently supervised her on the days she says she was assaulted and raped. Thus, a finding that N.J. was negligently supervised on the days in question could be had only by inference; based on the holding of Stevens, supra, we may not draw that inference here.
N.J. argues that, while under the care and supervision of the church, she was *Page 1038 
brutally assaulted and raped by J.R. She and her mother attempt to rest the church's liability under the negligent supervision claim on the alleged criminal act of J.R. We observed inYoung v. Huntsville Hospital, 595 So.2d 1386 (Ala. 1992), that the general rule is that "absent special relationships or circumstances, a person has no duty to protect another from criminal acts of a third person." We also recognized the difficulty in imposing liability on one person for an intentional criminal act of a third person. We held in Henleyv. Pizitz Realty Co., 456 So.2d 272 (Ala. 1984), that a defendant could not be held liable for the criminal act of a third party unless the defendant knew or had reason to know that the criminal act was about to occur on the defendant's premises. See also Bailey v. Bruno's, Inc., 561 So.2d 509
(Ala. 1990). We reiterate our reluctance to impose liability on one person for the criminal act of another.
The affidavits of the director of the kindergarten and the pastor of the church indicate that (1) they had no knowledge of other criminal acts of a similar nature that might have occurred on the church's premises; and (2) they had no knowledge of any previous criminal behavior by J.R. Thus, the church made a prima facie showing that it was not responsible for the rape alleged by N.J.
Because N.J. failed to rebut that showing by substantial evidence of negligent supervision, the summary judgment in favor of the church was proper. That judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Because this case involves allegations of sexual abuse, we refer to the minor plaintiff as "N.J." and we refer to the alleged assailant as "J.R." See Rule 52, A.R.App.P.