A former student appeals from a summary judgment entered in favor of Lyman Ward Military Academy (school). This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts: The twelve-year-old student enrolled at the school for the 1991-92 academic year. He attended the school until 1994.
In March 1995 the student and his mother filed a multi-count complaint against the school, an employee of the school, and other fictitious parties, alleging that the employee sexually molested the student.
In February 1996 the school filed a motion for a summary judgment, pursuant to Rule 56(c), Ala. R. Civ. P. In March 1996 the trial court, after a hearing, granted the school's motion and certified it as final, pursuant to Rule 54(b), Ala. R. Civ. P.
The student appeals. We would note that the mother does not appeal from the summary judgment. We would further note that the student's claims against the employee are still pending before the trial court.
Therefore, the only issue before this court is whether the trial court properly entered a summary judgment in favor of the school on the student's claims against it.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher,636 So.2d 682 (Ala.Civ.App. 1994).
Once the movant makes a prima facie case, showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact.Porter, 636 So.2d 682.
Substantial evidence has been defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
On appeal the student contends that the school negligently supervised both the employee and the student and is, therefore, liable under the doctrine of respondeat superior. The student also attempts to rest the school's liability, under the negligent supervision claim, on the alleged criminal acts of the employee.
The school had the initial burden of making a prima facie case showing that there was no genuine issue of a material fact and that it was entitled to a judgment as a matter of law.Porter, 636 So.2d 682. The school contends that it is not liable, under the doctrine of respondeat superior, for the wrongful acts allegedly committed by the employee because, it says, the alleged wrongful acts (1) were not committed in the line and scope of the employee's employment, (2) were not committed in furtherance of the business of the school, and (3) were not authorized or ratified by the school. Specifically, the school contends that it did not have any knowledge of the employee's wrongful acts until after the wrongful acts were allegedly committed. *Page 27 
Our supreme court, in Mardis v. Robbins Tire Rubber Co.,669 So.2d 885, 889 (Ala. 1995), has stated the following:
 "For [the school] to be held liable for the intentional torts of [its employee], the [student] must offer evidence (1) that the [employee's] wrongful acts were committed in the line and scope of the [employee's] employment; or (2) that the acts were committed in furtherance of the business of the [school]; or (3) that the [school] participated in, authorized, or ratified the wrongful acts. Potts v. BE K Constr. Co., 604 So.2d 398, 400 (Ala. 1992). The [school] is directly liable if it authorizes or participates in the employee's acts or ratifies the employee's conduct after it learns of the action. Potts v. BE K Constr. Co., 604 So.2d at 400."
The school presented the student's testimony in support of its position that it did not have any knowledge of the employee's wrongful behavior. The student testified that he was first molested by the employee in January 1992, and again in the spring of 1992. The last sexual encounter occurred during the week of June 20, 1992, when school was in recess for the summer. At that time, the student, with his mother's permission, was at the employee's lake home performing yard work for him.
We would note that the student contends that the last sexual encounter occurred in August 1993. However, our review of the record reveals that the student's encounter with the employee in August 1993 was not a sexual encounter. According to the student's own testimony, the employee walked up to him, hugged him, and apologized to him "for everything," to which the student responded, "don't touch me." The student testified that he then walked out of the room.
The student testified that he did not report any of the sexual encounters to anyone until shortly before he and his mother filed a complaint, which was in March 1995. In fact, it was not until October 1993 that another student actually confessed to having a sexual encounter with the employee.
Colonel Albert Jenrette, the employee's immediate supervisor, testified that the first notice he received regarding the possibility of any improper conduct was in August 1993, when he received a telephone call from another student's parent, advising him that a private investigator had asked her questions about the employee. The supervisor stated that he immediately confronted the employee with the allegations and that the employee vehemently denied them. The supervisor then interviewed students who regularly visited the employee's lake home. Each of the students whom he interviewed denied any misconduct by the employee. The school, even though it was unable to confirm the allegations, asked for the employee's resignation and received it in September 1993.
The supervisor further testified that he did not have any reason to suspect any improper conduct by the employee. The supervisor testified that he conducted a thorough background check on the employee before hiring him. He also stated that he had daily contact with the employee and the students and that he routinely stopped by the employee's lake home while students were there visiting. The supervisor explained that the students routinely visited the employee's lake home to water ski. In fact, the employee's duties included providing adequate recreation for the students. The record also reveals that the supervisor accompanied the employee and the students on school-related field trips.
Based on the foregoing testimony, we conclude that the school made a prima facie showing that it did not authorize or ratify the employee's alleged wrongful acts since it did not have any knowledge of any wrongful acts until August 1993. The student failed to rebut the school's evidence with any substantial evidence to the contrary.
We would further note that the school is correct in asserting that there are numerous cases in Alabama holding that sexual misconduct by an employee is purely personal and is, therefore, outside the line and scope of employment. See Doe v. Swift,570 So.2d 1209 (Ala. 1990). Applying the above-established principles of law, we conclude that the employee was not acting within the line and scope of his employment when he allegedly molested the student, since his actions were personal and obviously did not benefit the school. *Page 28 
Next, the student contends that he presented substantial evidence that the school negligently supervised him, as well as the employee. Specifically, the student contends that the school failed to follow specific guidelines and policies designed to safeguard the students.
In order to prove his negligent supervision claim, the student "must show or demonstrate that [the school] had notice or knowledge (actual or presumed) of the [employee's] alleged [conduct]." Perkins v. Dean, 570 So.2d 1217, 1219 (Ala. 1990). Furthermore, we would note that "the mere fact that an injury has occurred is not evidence of negligence and that in negligent supervision cases negligence will not be found by inference." N.J. v. Greater Emanuel Temple Holiness Church,611 So.2d 1036, 1037 (Ala. 1992).
Both the school's sign-out policy and parental permission policy applied only to overnight or weekend absences from campus which were not related to school activities. Here, as noted previously, the first alleged sexual encounter occurred in January 1992, during a school-related camping trip. The next encounter occurred in the spring of 1992, while the student was at the employee's lake home for only a portion of the day. The last sexual encounter occurred in June 1992, when the students were out for the summer. It is undisputed that the mother drove the student to the employee's home at that time. Thus, the school's sign-out policy or parental permission policy was never invoked.
The student further contends that the employee, according to the policies and guidelines of the school, was not authorized to take only one student at a time from the campus. Worded differently, the employee had to take at least two students with him when he exited the campus. The supervisor testified, however, that this was not a school policy. Instead, it was the supervisor's personal policy, which was unwritten. The supervisor testified that he had no knowledge that the employee ever left the campus with only one student.
As previously noted, the school made a prima facie showing that it did not have any knowledge of the employee's alleged wrongful acts until after they were committed. And, the supervisor testified that he kept close contact with the employee and the students. And, it was not until August 1993 that the supervisor was first put on notice or had any reason to suspect any improper conduct by the employee. At that time, the supervisor conducted an investigation and immediately took the proper steps to obtain the employee's resignation. We also reiterate that the student did not report the sexual encounters to anyone until 1995. Thus, in applying the substantial evidence standard to these facts, we conclude that the student failed to produce the substantial evidence required to support a claim of negligent supervision.
Finally, the student attempts to rest the school's liability, under the negligent supervision claim, on the alleged criminal acts of the employee. Our supreme court, in E.H. v. OverlookMountain Lodge, 638 So.2d 781, 783 (Ala. 1994), has stated:
 " 'It is difficult to impose liability on one person for an intentional act committed by another.' Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368, 1370 (Ala. 1986), quoting CIE Service Corp. v. Smith, 460 So.2d 1244, 1247 (Ala. 1984). The difficulty usually arises because, in such a situation, two essential elements of a negligence . . . action are absent: duty and proximate cause. Moye, 499 So.2d at 1370. The key to either of these elements is foreseeability. Id.
 ". . . Our cases have established only one exception to the general rule that one has no duty to protect another from the criminal acts of a third party. Thetford v. City of Clanton, 605 So.2d 835, 840 (Ala. 1992); Moye, 499 So.2d at 1371. The duty to protect a second person from the criminal acts of a third person arises only when one's negligence . . . creates a situation in which it is foreseeable that a third person will commit criminal conduct that endangers the second person. Thetford v. City of Clanton, 605 So.2d 835; Moye, supra. 'The number and frequency of prior criminal acts at the place where the injury occurred are used in determining whether a particular criminal act was reasonably foreseeable.' Moye, 499 So.2d at 1372."
Again, the testimony of the supervisor indicated that he did not have any knowledge *Page 29 
of other criminal acts of a similar nature that might have occurred on the school's premises and that he did not have any knowledge of any previous criminal behavior by the employee. In fact, none of the sexual encounters between the employee and the student occurred on the school's campus. And, as stated previously, the supervisor conducted a thorough background check on the employee before hiring him. Thus, we conclude that any alleged improper conduct by the employee was unforeseeable. The student did not offer any substantial evidence to the contrary. We would further note that the employee has not been adjudicated guilty regarding the alleged sexual molestation since his case is still pending before the trial court.
In light of the above, the student failed to meet his burden of proving the existence of a genuine issue of a material fact. Consequently, the trial court properly entered the summary judgment in favor of the school.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.