This is an appeal from the granting of a motion for summary judgment in favor of Dennis Fisher, d/b/a Fisher's Men's Shop.
Fisher filed a complaint for breach of contract, open account, and account stated against Sarah Porter and DeOttis Porter, husband and wife. The complaint alleged that the Porters entered into a credit line agreement with Fisher for the purchase of merchandise from Fisher. The complaint further alleged that the Porters had defaulted under the terms of the agreement and that there was a balance due on the account.
Thereafter, Fisher filed a motion for summary judgment. After a hearing, the trial court issued an order, wherein it found that no genuine issue of material fact existed and that Fisher was entitled to a judgment as a matter of law. The trial court granted the motion for summary judgment in favor of Fisher and entered a judgment against the Porters in the amount of $33,215.46, plus court costs.
The Porters appeal. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
The dispositive issue is whether the trial court erred in granting the motion for summary judgment in favor of Fisher. *Page 684 
Rule 56(c), A.R.Civ.P., provides that summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. The moving party has the burden of establishing that no genuine issue of material fact exists.Burks v. Pickwick Hotel, 607 So.2d 187 (Ala. 1992). All reasonable uncertainties concerning the existence of a genuine issue of material fact must be resolved against the movant.Sadie v. Martin, 468 So.2d 162 (Ala. 1985).
However, if the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of material fact.Clay v. River Landing Corp., 601 So.2d 919 (Ala. 1992).
In our review of the record, we note that Fisher filed the following in support of his motion for summary judgment: his affidavit; a narrative summary of the facts, which referenced the support for each statement of fact; his deposition, as well as the depositions of the Porters and Robert Fisher; and the affidavit of his attorney in support of attorney fees.
The facts which Fisher set out in his narrative summary are as follows: The Porters are husband and wife. In August 1987 Sarah Porter executed a contract to open a charge account with Fisher for the purchase of merchandise on credit. DeOttis Porter was aware that his wife had opened this account, and she had his approval to open such an account. Fisher sent statements reflecting charges on the account addressed to "DeOttis and Sarah Porter" or to "DeOttis Porter." The Porters made payments on their account with Fisher.
In September 1989 Sarah Porter requested that Fisher discontinue sending statements reflecting the charges on the account. Fisher has other customers who have requested that statements not be sent; therefore, this was not an unusual request. Although Fisher discontinued sending the statements, Sarah Porter was regularly informed of the balance on the account.
In April 1991 Fisher had not received a payment on the account in six months. He began sending statements again. The statements were addressed to "DeOttis and Sarah Porter."
Sarah Porter does not dispute the amount owed to Fisher and admits that she has not paid it. DeOttis Porter was aware that the statements were addressed to either "DeOttis and Sarah Porter" or "DeOttis Porter," yet he never contacted Fisher to tell him that his name was not supposed to be on the account. In fact, he testified that when he received these statements, he made payments on the account. DeOttis Porter met with Fisher in October 1991 in an attempt to resolve the matter. He testified that during these meetings he did not dispute the amount claimed due.
In opposition to Fisher's motion for summary judgment, the Porters advance two main arguments. First, they argue that when Sarah Porter requested that no more statements be sent and when Fisher complied with her request, an oral modification of the contract occurred. The Porters contend that Fisher breached the modified contract when he began sending statements in April 1991 and that Sarah Porter no longer is obligated to pay the balance on the account. Additionally, they contend that this is a genuine issue of material fact and should be decided by a jury. We disagree.
The record reveals that Sarah Porter's request was not unusual, and when Fisher complied with her request, it was merely as an accommodation to a customer, rather than an oral modification of the original contract.
The second argument advanced in opposition to Fisher's motion for summary judgment is that DeOttis Porter should not be held financially responsible for this account because he never signed the credit agreement, he did not authorize his name to be used on the account, and he did not make any of the purchases charged to the account. However, as previously noted, DeOttis Porter was aware that his name was on the account, yet he took no steps to remove his name from the account. In fact, he testified *Page 685 
that he would make payments on the account when he received the statements.
Our review of the record based upon the above reveals that there was no genuine issue of material fact that the balance due on this account was owed and that both DeOttis Porter and Sarah Porter were aware that their names were on the account and had attempted to resolve the matter. Stated another way, Fisher made a prima facie showing that there was no genuine issue of material fact in regard to the existence of a balance on this account, which was due and payable, and that the Porters owed this amount. The burden of proof shifted to the Porters to support their position with "substantial evidence."Atkinson v. Long, 559 So.2d 55 (Ala.Civ.App. 1990). The Porters failed to meet their burden of proof. In light of the above, we cannot find that the trial court erred when it entered a summary judgment in favor of Fisher.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.