RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from the granting of a motion for summary judgment in favor of Charles L. Long, Jerry L. Long, Sharron L. Long, and Jerri Ann Long (plaintiffs).
The plaintiffs filed a complaint, wherein they alleged that they were the owners of certain real estate described in two deeds, dated August 22, 1985, which were attached to the complaint. In their complaint the plaintiffs requested that the trial court issue an order, removing and ejecting Ruby F. Long (defendant) from their real property and enjoining the defendant from interfering with the use and enjoyment of their real property.
Thereafter, the plaintiffs filed a motion for summary judgment. After a hearing the trial court issued an order, wherein it found that no genuine issue of material fact existed and that the plaintiffs were entitled to a judgment as a matter of law. The trial court granted the motion for summary judgment in favor of the plaintiffs and ordered the defendant to remove herself and her personal property from the described real property. It also ordered the defendant to refrain from interfering with the use and enjoyment of the real property.
The defendant appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue on appeal is whether the trial court erred in granting the motion for summary judgment in favor of the plaintiffs. The defendant contends that the trial court committed reversible error because, she says, there exists a genuine issue of a material fact.
Rule 56(c), AR.Civ.P., provides that summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that there exists no genuine issue of a material fact and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App. 1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
Our review of the record reveals the following pertinent facts: Jerry L. Long is the son of C.R. Long, and the remaining plaintiffs are the children of Jerry L. Long and the grandchildren of C.R. Long. The defendant was married to C.R. Long for a number of years. Jerry L. Long is the defendant’s stepson.
Between 1965 and 1985, there were a series of conveyances (a total of eight deeds) of the subject real property involving C.R. Long and his wife, the defendant, and Jerry L. Long and his heirs. We would note that although none of the deeds ever specifically *769 named the defendant as a grantee, it would appear that under the law, the defendant had an interest in the subject real property as the wife of C.R. Long.
Ultimately, two deeds, dated August 22, 1985, were executed by C.R. Long and the defendant, conveying the subject real property to the plaintiffs. Both of the deeds dated August 22, 1985, contained the following language: “A life estate is retained herein to the aforegranted property interests conveyed to [the plaintiffs] for the remainder of the natural life of C.R. Long.” C.R. Long died in August 1993.
Thereafter, the plaintiffs filed the present action, seeking to have the defendant removed from the subject real property.
In support of their motion for summary judgment, the plaintiffs filed the deposition of Alto L. Jackson, the attorney who prepared the deeds pertaining to the subject real property, with various documents attached as exhibits. Jackson testified that it was never mentioned to him that part of the consideration for the conveyances was a promise of care and support of the grantors made by the plaintiffs.
In opposition to the motion for summary judgment, the defendant filed her affidavit and the affidavit of Walter Faulk, the defendant’s son. The defendant’s affidavit provided, in pertinent part:
“Although I signed the deeds, I was not aware that I would not be able to continue to live on the property after the death of my husband, C.R. Long, at the time of the conveyances. I was told ... by Jerry Long that I would be taken care of for the rest of my life....
[[Image here]]
“I would not have signed the deeds had I known that I would not have a place to live.
“Although I signed the statement prepared by Mr. Jackson on April 18, 1985, I did so at my husband’s request and I did not understand that I would not be able to continue to live on and enjoy the property as I was told ... by Jerry Long that I would.
“On many occasions I heard C.R. tell Jerry to make sure that I was taken care of and I heard Jerry say that he would. The last time was between April and July 1993.”
On appeal, it is the defendant’s contention that she should not be evicted from the property because, she says, she signed the deeds only in exchange for Jerry Long’s promise that she could continue to live on the property and would be taken care of after the death of C.R. Long. The defendant contends that, in view of the above, the conveyances are voidable under Ala.Code 1975, § 8-9-12.
Our review of the record, based upon the above, reveals that the defendant’s affidavit was substantial evidence which established the existence of a genuine issue of a material fact — whether in exchange for the execution of the deeds there was a promise made to the defendant by Jerry Long that she could remain on the property and be cared for following the death of her husband.
In light of the above, the judgment is due to be reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.