RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from the trial court’s order granting the motion for summary judgment in favor of Rodney E. Pruet and Tammy N. Pruet on the complaint filed by Hampton T. Gaskins and Linda W. Gaskins.
The Gaskinses filed a complaint, wherein they alleged that the Gaskinses and the Pruets were coterminous property owners. The complaint also alleged that the Pruets had constructed a pier which prevented the Gaskinses from ingress into the waters of Logan Martin Lake and, thus, interfered with the Gaskinses’ right to the enjoyment of their property. The complaint further alleged that construction of the pier was a violation of the rules and regulations of Alabama Power Company (Alabama Power), the entity which controls construction along, over, and on the waters of the lake. The complaint requested that the trial court issue an order requiring the Pruets to remove the pier and to cease from obstructing the property of the Gaskinses from the waters of the lake.
The Pruets filed an answer and a counterclaim, wherein they alleged that a boundary line dispute existed between the parties. The counterclaim requested that the trial court issue an order determining the true and correct boundary line between the parcels of land.
*1027 Thereafter, the Pruets filed a motion for summary judgment. The motion requested that the trial court enter summary judgment in favor of the Pruets and dismiss the action filed by the Gaskinses on the ground that there is no genuine issue of a material fact and that the Pruets are entitled to a judgment as a matter of law.
The motion for summary judgment was granted in favor of the Pruets and against the Gaskinses. The Gaskinses filed a post-judgment motion, which was denied. The order granting the motion for summary judgment was certified as a final judgment, pursuant to Rule 54(b), Ala.R.Civ.P.
The Gaskinses appeal. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue is whether the trial court committed reversible error when it granted the motion for summary judgment in favor of the Pruets on the complaint filed by the Gaskinses.
Rule 56(c), Ala.R.Civ.P., provides that summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that there exists no genuine issue of a material fact and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
In our review of the record, we note that the Pruets filed the affidavit of Rodney E. Pruet in support of their motion for summary judgment. In his affidavit, Pruet makes the following pertinent statements: He applied to Alabama Power for permission to construct an addition to a pier located on his property; a permit for the construction was issued by Alabama Power; a representative of Alabama Power inspected the pier after the construction was completed and approved it by attaching an Alabama Power permit tag to the pier; no one from Alabama Power informed him, at any time, that the pier violated any Alabama Power set-back requirements, and no one from Alabama Power requested that the pier be moved; the pier is located entirely in the lake and does not encroach onto the Gaskinses’ property.
The Gaskinses filed the affidavit of Hampton T. Gaskins in opposition to the motion for summary judgment filed by the Pruets. In his affidavit, Gaskins makes the following pertinent statements: The pier constructed by the Pruets was built in violation of Alabama Power’s “Guidelines on Reservoir Management”; a copy of these guidelines was attached to his affidavit; the pier violates the fifteen-foot offset, as stated on page two of these guidelines; and the pier encroaches onto the property owned by him and his wife.
On page two of the “Guidelines on Reservoir Management,” we find the following language: “All piers ... must remain 15 feet off the adjoining property line, be reasonable in size and area, and shall not extend unreasonably into the reservoir.” On page four of the guidelines, we find the following provision: “The Management of Alabama Power Company reserves the right to revise, amend, and make exceptions to the guidelines as necessary." (Emphasis added.)
In its order granting the motion for summary judgment in favor of the Pruets, the trial court determined that the Gaskinses could not maintain an action against the Pruets “for violating a use regulation of Alabama Power Company, where Alabama Power Company has expressly waived the regulation, and had previously reserved unto itself the specific right to waive the regulation.”
The Gaskinses contend that there existed a genuine issue of a material fact concerning whether Alabama Power waived the regulation regarding the 15-foot offset.
We cannot agree. When Pruet stated in his affidavit that the pier was approved by a representative of Alabama Power after the construction was completed, the burden shift *1028 ed to the Gaskinses to support their position that the regulation had not been waived. Porter, 636 So.2d 682. The Gaskinses failed to meet their burden.
In view of the above, we cannot find that the trial court erred when it granted the motion for summary judgment in favor of the Pruets. This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.