RICHARD L. HOLMES, Retired Appellate Judge.
Bobby Norris Pickens appeals from a summary judgment in favor of the Town of Brilliant (Town). This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts: Pickens filed a complaint, alleging that C.R. Cooper, while acting in his capacity as a police officer for the Town, deprived Pickens of his legal rights guaranteed by the Constitution and the laws of the United States. Specifically, Pickens alleged that when Cooper unlawfully arrested him on April 4, 1990, Cooper used excessive and unreasonable force against him in executing the unlawful arrest and that Cooper’s actions violated 42 U.S.C.A. § 1983 (West 1994).
In the complaint Pickens also alleged, pursuant to Ala.Code 1975, § 11-47-190, that Cooper was guilty of negligence, carelessness, or unskillfulness while placing Pickens under arrest and that such conduct resulted in damages to Pickens.
The Town filed an answer. Thereafter, the Town filed a summary judgment motion and a brief in support of the motion. Pick-ens filed eight affidavits in opposition to the summary judgment motion.
The trial court entered an order, finding that “there [was] no genuine issue as to any material fact as to [the Town] and that [the Town was] entitled to a judgment as a matter of law.” This appeal followed.
Rule 56(c), Ala.R.Civ.P., provides that summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
In its summary judgment motion the Town argued, that it could not be held liable under § 1983 for the alleged tortious conduct of Cooper because, it says, his actions were not taken pursuant to an official municipal policy or custom. See Monell v. Dep’t of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
However, we would note that the Supreme Court stated the following in Monell, 436 U.S. at 690-91, 98 S.Ct. at 2035-36: “[L]ocal governments ... may be sued for constitutional deprivations visited pursuant to governmental ‘custom’ even though such a custom has not received formal approval through the body’s official decisionmaking channels.” In Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68, 90 S.Ct. 1598, 1614, 26 L.Ed.2d 142 (1970), the Supreme Court stated the following concerning the phrase “eus- *430 tom or usage” for purposes of § 1983: “Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a ‘custom or usage’ with the force of law.”
In the present case Pickens filed several affidavits in opposition to the motion for a summary judgment. One of these affidavits was the affidavit of Royce Hulsey.
Hulsey’s affidavit provided the following: On December 25, 1989, Cooper, as a police officer for the Town, attempted to force Hul-sey and his friends to leave a church parking lot. When they refused to leave, Cooper began to cuss. When Cooper left the parking lot, he managed to sling gravel on them. Hulsey and his friends followed Cooper to the mayor’s house to complain about Cooper’s actions. The mayor defended Cooper. Then the mayor and Cooper discharged firearms into the air numerous times. Thereafter, the mayor ordered the police chief to place Hulsey and his friends under arrest. Cooper shoved one of Hulsey’s friends against the patrol car while placing this individual under arrest.
Several of the affidavits filed in opposition to the summary judgment motion describe several other occasions when either Cooper or Tony Fowler, the individual who succeeded Cooper on the Town’s police force, allegedly violated the constitutional rights of individuals.
We would also note that the learned and distinguished trial judge, in his order granting the summary judgment motion in favor of the Town, stated the following, “[Ijt is not practicable to ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.” In addition to the above, this would indicate to this court that the trial court had some concerns that a genuine issue of a material fact existed and that a summary judgment was not proper in the present case.
In any event, we find that the affidavits filed in opposition to the summary judgment motion are sufficient to preclude a summary judgment because the affidavits indicate that the practices of the police officers, the police chief, and the mayor of the Town may be “so permanent and well settled as to constitute a ‘custom or usage’ with the force of law.” Adickes, 398 U.S. at 168, 90 S.Ct. at 1614.
In view of the foregoing, the judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
As the above is dispositive of the appeal, other issues will not be addressed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., dissents.