RICHARD L. HOLMES, Retired Appellate Judge.
Michael L. Flanagan, Sr., filed a multi-count complaint against the City of Tarrant (City); Charles S. Hartselle, the City’s may- or; T.L. Douglas, the City’s engineer; Angela P. Moon, the City’s magistrate; and Frank Brown, the City’s building inspector.
The complaint alleged that the defendants were guilty of the following: harassment, malicious prosecution, abuse of process, defamation, and wrongful interference with business and contractual relations. Flanagan also asserted a claim under 42 U.S.C.A. § 1983 (West 1994).
Our review of the record reveals that the allegations of Flanagan’s complaint arise from Flanagan’s 1991 arrest and prosecution for a violation of the City’s zoning ordinances. The 1991 arrest and prosecution involve the operation of Flanagan’s rock crushing machine on his property.
The defendants filed an answer. Thereafter, the defendants filed a summary judgment motion, along with the affidavit of Roger L. Bates, the City’s attorney, the affidavits of the individual defendants, and a brief in support of the motion. Flanagan filed a brief in opposition to the summary judgment motion.
After a hearing the trial court issued an order, finding that there existed no genuine issue of a material fact and that the defendants were entitled to a judgment as a matter of law.
Flanagan appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal, Flanagan contends that the trial court improperly granted the summary judgment motion in favor of the defendants on the various counts of his complaint.
Rule 56(c), Ala.R.Civ.P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
In the present ease the various individual defendants and the City’s attorney filed affidavits in support of the summary judgment motion. The affidavits outline how each affiant’s actions leading to the 1991 *151 arrest and prosecution of Flanagan were within the legal and proper procedure for the enforcement of the City’s zoning ordinances.
Flanagan filed only a brief in opposition to the summary judgment motion, which simply contained restatements of the allegations in his complaint. We would note that Flanagan did not file any affidavits or additional evidence in opposition to the summary judgment motion.
Our supreme court stated the following in Black v. Reynolds, 528 So.2d 848, 849 (Ala.1988):
“Once the movant supports his motion by affidavits, testimony, or other evidence ..., the adverse party may not rest upon the allegation or denials contained in his pleadings; he must respond and show that a genuine issue of material fact does exist. Evidence offered in response to the motion, in the form of affidavits or otherwise, must be more than a mere verification of the allegations contained in the pleadings, and must present facts that would be admissible in evidence.”
(Citations omitted.)
In light of the above, Flanagan failed to meet his burden of proving the existence of a genuine issue of a material fact. Consequently, the trial court properly entered a summary judgment in favor of the defendants on all the counts of the complaint.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.