RICHARD L. HOLMES, Retired Appellate Judge.
Century 21-Reeves Realty, Inc., and its president, Iris Reeves (“Century 21”), appeal from a summary judgment in favor of McConnell Cadillac, Inc. (“McConnell”). This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
This case has previously been before our supreme court on appeal. Therefore, it is not necessary to set out in detail the facts and history of this matter. Interested parties may refer to our supreme court’s prior opinion. See Century 21-Reeves Realty, Inc. v. McConnell Cadillac, Inc., 626 So.2d 1273 (Ala.1993), overruled on other grounds, Hines v. Riverside Chevrolet-Olds, Inc., 655 So.2d 909 (Ala.1994).
Suffice it to say, the following are the operative facts: On August 16, 1990, Iris Reeves’s husband took Century 21’s lease car, a 1985 Cadillac, to McConnell for repair work. Mr. Reeves testified that he informed the service representative at McConnell that the car’s air-conditioner (“A/C”) needed to be repaired and that the coolant light had come on. However, the repair order, prepared by McConnell and signed by Mr. Reeves, indicated that the A/C was not cooling and that the A/C light had come on. On August 25, 1990, while Iris Reeves was driving the car, the engine overheated. Thereafter, the car was towed to McConnell. McConnell told her that the oil and coolant had mixed and that the engine was ruined.
Thereafter, Century 21 filed a multi-count complaint against McConnell and General Motors Corporation (“GM”). The trial court entered summary judgments in favor of both McConnell and GM. Century 21 appealed to the supreme court.
*1133 In the first appeal, the supreme court affirmed the trial court’s entry of a summary judgment on all the counts except the negligence count. The supreme court stated that “a fact question was presented as to whether McConnell’s service representative exercised reasonable care under the circumstances in transcribing Mr. Reeves’s complaint onto the repair order so that the engine’s cooling system could be thoroughly inspected.” Century 21-Reeves Realty, Inc., 626 So.2d at 1276.
On November 17,1994, after remand from the Supreme Court of Alabama, McConnell filed another summary judgment motion, along with the expert testimony of William P. Donoghue, the service director at McConnell, and Thomas Gueret, the service technician at McConnell who worked on the ear. We note that when the original summary judgment motions were filed in this case, neither Century 21 nor McConnell offered any expert testimony into the record as to the repairs made on Century 21’s car on August 16, 1990.
The affidavits of both Gueret and Dono-ghue indicate that the repair work that McConnell performed on the car on August 16, 1990, was proper and was in accordance with the recognized standards in the industry in determining whether an automobile had been overheating.
In his affidavit, Gueret stated that he performed multiple diagnostic tests to evaluate the ear. Gueret stated that he checked the instrument panel on the dashboard and confirmed that the A/C light was coming on. As a follow-up, he conducted a performance test to verify whether the vehicle was overheating. Gueret stated that overheating would cause the A/C to operate improperly.
In order to check the car for signs of overheating, Gueret stated that he permitted the engine to idle inside the shop for a considerable period of time. Thereafter, he cheeked the temperature gauge and visually observed no signs of overheating, i.e., radiator boiling over, hissing sounds, gurgling noises, etc. In addition, Gueret stated that the car had an on-board computer system that would produce various codes and verify different mechanical malfunctions. Gueret stated that he performed a test on the car’s on-board computer system. The test revealed that the vehicle was not overheating and had not overheated for the last 50 times the car had been cranked.
Both Gueret and Donoghue stated that even if Mr. Reeves had informed McConnell that the coolant light was coming on, the same diagnostic tests would have been performed, i.e., permitting the car to idle, cheeking the temperature gauge, and cheeking the car’s on-board computer system. Gueret and Donoghue further stated that the tests that were performed on August 16, 1990, would have detected any malfunctioning in the car’s cooling system.
Century 21 filed a brief in opposition, along with the affidavits of Iris Reeves and William George Bright, the owner of Bill Bright Automotive. McConnell filed a motion to strike both affidavits. The trial court granted McConnell’s motion to strike both affidavits. The trial court entered an order, finding that there was no genuine issue as to any material fact because neither affidavit offered by Reeves or Bright “properly and with admissible evidence contradict[s] the expert testimony of William P. Donoghue and Thomas Gueret insofar as the repair and inspection work that was performed by McConnell on August 16,1990.”
Century 21 appeals.
Rule 56(c), Ala.R.Civ.P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie case showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d at 684.
On appeal, Century 21 contends that the activation of the car’s coolant light was an *1134 indication that the oil and coolant had mixed as the result of a failed intake manifold gasket. Century 21 argues that the failure to diagnose this problem caused the subsequent overheating of the car’s engine. In other words, Century 21 argues that the intake manifold gasket had already failed when it was at McConnell’s business. Century 21 contends that McConnell would have discovered the failed intake manifold gasket had it checked the dipstick to observe the texture of the oil.
McConnell contends that the diagnostic tests that it performed on the car on August 16, 1990, were the proper tests to determine if the car had been overheating, which would have detected a failure of the intake manifold gasket. McConnell contends that there was no causal connection between the repair work that was performed on August 16,1990, and the subsequent failure of the car’s intake manifold gasket.
The only evidence that Century 21 presented to rebut McConnell’s expert testimony was the deposition testimony of Bright. However, Bright’s testimony did not contradict the expert testimony offered by McConnell. We note that certain affidavits were filed by Century 21, but were struck by the trial court. Century 21 made no appropriate contentions to this court concerning the trial court’s evidence in striking the affidavits.
In his deposition, Bright testified that Iris Reeves brought the car to him approximately one year after the engine had malfunctioned, for the sole purpose of inspecting the ear to determine what had caused it to overheat. Bright testified that he discovered a failed intake manifold gasket which had caused the mixing of the car’s coolant and oil and directly resulted in the overheating of the car’s engine. Bright further testified that McConnell had failed to diagnose that the car was overheating as a result of the failed intake manifold gasket.
However, Bright could not say exactly that the car, in fact, had overheated. Instead, Bright stated that he based his assumption, that the car had overheated, on what Iris Reeves and her attorney communicated to him. Bright further testified that an intake manifold gasket failure could be caused by a number of problems, other than overheating. In fact, the record revealed that Iris Reeves continued to drive the car for approximately four to five miles after the car’s coolant light allegedly activated. Bright testified that driving the car for that distance, assuming the engine was running hot, could have caused the intake manifold to fail.
Bright further testified that a car’s A/C system and cooling system are interrelated and that the diagnostic tests performed by McConnell on Century 21’s car on August 16, 1990, would have detected any problem with the car’s cooling system. In essence, the only different evidence that Bright offered was the fact that he would have checked the ear’s dipstick to determine the texture of the oil.
The undisputed evidence indicates that the car’s engine did in fact fail because of a failed intake manifold gasket. The burden of proof shifted to Century 21 to provide substantial evidence in support of its position that the failure was caused by McConnell’s negligent inspection of the car. See Porter, 636 So.2d at 684. However, Century 21 did not offer any evidence that there was a causal connection between the repair work performed by McConnell on August 16, 1990, and the subsequent failure of the car’s engine. Century 21 also failed to offer any evidence that McConnell negligently inspected the ear’s cooling system.
In light of the above, Century 21 failed to meet its burden of proving the existence of a genuine issue of a material fact. Consequently, the trial court properly entered the summary judgment in favor of McConnell.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.