RICHARD L. HOLMES, Retired Appellate Judge.
Robert Hoffman appeals from a summary judgment in favor of U-Haul Company of Alabama, Inc. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts: On September 20, 1993, Hoffman entered into a contract with U-Haul for the purpose of renting a storage unit for his restaurant equipment. Hoffman listed his employer’s address and his home address on the contract. According to the terms of the contract, Hoffman would not receive a monthly bill. Instead, he was responsible for paying the rent by the first of each month.
On October 3, 1994, Hoffman was in arrears on his payments in excess of 30 days. U-Haul sent Hoffman a letter of default to his employer’s address. The letter indicated that U-Haul was exercising its right to enforce its warehouseman’s lien, pursuant to Ala.Code 1975, § 7-7-210. However, Hoffman changed jobs in January 1994 and, therefore, did not receive the letter. Thereafter, U-Haul sold the property in the storage unit.
On February 9, 1995, Hoffman filed an action against U-Haul, alleging breach of contract, negligence, and conversion. On September 15, 1995, U-Haul filed a motion for a summary judgment, pursuant to Rule 56(c), Ala. R. Civ. P. On October 24, 1995, after hearing the evidence, the trial court entered a summary judgment in favor of U-Haul.
Hoffman appeals.
The only issue is whether U-Haul reasonably complied with the notice requirements of § 7-7-210, Ala.Code 1975, in enforcing its warehouseman’s lien against Hoffman.
Rule 56(e), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie case, showing that no genuine issue of a material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
Furthermore, in determining whether substantial evidence exists to defeat a summary judgment, the reviewing court must view the evidence in a light most favorable to the nonmoving party. Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990).
Here, in support of its motion for a summary judgment, U-Haul stated that Hoffman (1) was delinquent more than 30 days on his rent; (2) was no longer at either address that he provided on the rental contract; (3) did not advise U-Haul of his new address; and (4) did not advise U-Haul of his new phone number. U-Haul further stated that it sent notice to Hoffman at his employer’s address, by certified mail, advising him of his delinquent status and the date of the' scheduled sale. The postal service returned the letter, which indicated “no forwarding address.” Thereafter, U-Haul advertised the sale in the Mobile Press Regis *345 ter. U-Haul also stated that it tried to call Hoffman at the listed phone numbers, but they were disconnected.
U-Haul also provided the affidavit of James Wheelus, its employee, who stated that he had made every effort to locate Hoffman. Wheelus stated that in addition to sending the letter of default to Hoffman at his employer’s address, he personally called both phone numbers on the contract, which, he stated, were disconnected.
Hoffman, however, contends that he listed two addresses on the contract with U-Haul. The first address was his employer’s address and the second address was his home address. Hoffman contends that U-Haul, upon learning that he no longer was employed at the listed address, should have sent notice to the alternate address, which was his home address. Hoffman testified that although he had moved from his home address in February 1994, he left a forwarding address with the postal service, which was effective for one year. It is undisputed that the contract instructed Hoffman to list an alternate address, to which all notices could be sent. It is also undisputed that U-Haul did not send a notice to Hoffman’s home address.
Section 7-7-210(2)(b), Ala.Code 1975, provides that notice “must be delivered in person or sent by registered or certified letter to the last known address of any person to be notified.” Section 7-l-201(26)(b), Ala.Code 1975, states that notice is appropriate when it has been “duly delivered at the place of business through which the contract was made or at any other place held out by him or her as the place for receipt of such communications.” (Emphasis added.)
Here, U-Haul contends that it sent notice to Hoffman at his employer’s address, which, it contends, was Hoffman's last known address. We note that there is no Alabama ease law on point which defines “last known address.” However, we find that the answer is plainly and unambiguously stated on the face of the contract.
The first section of the storage contract instructed Hoffman to list his name, address, phone number, and employer’s address. Hoffman listed his employers’s address and phone number under this section. The second section of the contract instructed Hoffman to “PLEASE PROVIDE AN ALTERNATIVE NAME, ADDRESS AND TELEPHONE NUMBER TO WHOM ALL REQUIRED NOTICES MAY BE SENT:” Hoffman listed his home address and phone number under this section.
Therefore, we find that U-Haul had an alternate address for Hoffman, for purposes of sending notices. It is undisputed that U-Haul did not send a letter of default, or notice, to Hoffman’s home address. This fact properly disputes the contention made by U-Haul that every possible effort had been made to establish Hoffman’s whereabouts. U-Haul contends that it called Hoffman at the home phone number provided and determined that the number had been disconnected. U-Haul also contends that Hoffman moved from this address in February 1994. Hoffman, however, as mentioned above, contends that the fact that he moved from his home address was irrelevant because, he says, he left a forwarding address with the postal service, which was effective for one year.
In viewing the evidence in a light most favorable to Hoffman, we conclude that in this instance, and under these facts, there existed a genuine issue of a material fact as to whether U-Haul should have sent notice to the alternate address listed by Hoffman on the contract. Specialty Container Mfg., Inc., supra.
Consequently, we find that the judgment of the trial court is due to be reversed and the ease remanded to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.