RICHARD L. HOLMES, Retired Appellate Judge.
Barry Collier, Jessica Collier, Janet Collier, and Frank Collier appeal a summary judgment entered in favor of CSX Transportation, Inc., and R.A. Crumbley, the engineer operating the train for CSX (hereinafter referred to collectively as CSX). This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts: At approximately 7:20 p.m. on December 12, 1992, Barry Collier (Barry) and his daughter, Jessica, were involved in an automobile/train accident at the CSX railroad crossing on Flat Top Road. The Colliers allege that Barry could not, and did not, see the CSX train in sufficient time to stop his vehicle and avoid hitting the side of the train. The Colliers were injured as a result of the accident.
In December 1994 the Colliers filed suit against CSX. CSX filed an answer and a summary judgment motion, with a supporting brief and supporting documentation. The Colliers filed a response in opposition to the summary judgment motion, with a supporting brief and supporting documentation.
After a hearing the trial court issued an order, granting the summary judgment motion in favor of CSX.
The Colliers appeal.
The Colliers contend that the trial court committed reversible error when it granted the summary judgment motion in favor of CSX because, they say, a genuine issue of a material fact existed and CSX was not entitled to a judgment as a matter of law.
*1333 Rule 56(e), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
We would note that the court must view the evidence in a light most favorable to the non-moving party and that all reasonable doubts must be resolved against the moving party. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992). Additionally, we would note that a summary judgment is rarely appropriate in negligence and personal injury cases. Cabaniss v. Wilson, 501 So.2d 1177 (Ala.1986).
CSX maintains that the trial court correctly determined that CSX was entitled to a summary judgment for the following reasons: First, CSX says, our supreme court has held that the presence of a train on a railroad crossing is a sufficient warning to the traveling public. See Watson v. Birmingham Southern R.R. Co., 259 Ala. 364, 66 So.2d 903 (1953). Second, CSX points out that Ala.Code 1975, § 32-5A-150, requires a person to “stop, look, and listen” before crossing a railroad track.
Our supreme court stated the following, in pertinent part, in Watson, 259 Ala. 364, 366-67, 66 So.2d 903, 905:
“The general rule is clearly stated in Southern Ry. Co. v. Lambert, 230 Ala. 162, [164,] 160 So. 262, 263 [ (1935) ], as follows:
“‘This court, in line with the great weight of authority, has declared the rule that, in the absence of statute, or special conditions of hazard to motorists, there is no duty on the railway company to provide special warning or safeguards to motorists, either in the day or nighttime, to prevent collisions with cars standing on such crossing....
“ ‘So it is widely held that the negligence of the driver of the motorcar will be treated as the sole proximate cause of an injury resulting from running into a standing railway car at a crossing, unless something intervenes calling for special precautions on the part of the railway employees; some condition of hazard that may lead to a collision, notwithstanding ordinary care on the part of the driver of the motor carl ”
(Emphasis added.)
Ala.Code 1975, § 32-5A-150, provides the following, in pertinent part:
“(a) Whenever any person driving a vehicle approaches a railroad grade crossing under any of the circumstances stated in this section, the driver of such vehicle shall stop within 50 feet but less than 15 feet from the nearest rail of such railroad, and shall not proceed until he can do so safely. The foregoing requirements shall apply when:
“(4) An approaching railroad train is plainly visible and is in hazardous proximity to such crossing.”
(Emphasis added.)
The Colliers contend that the presence of the train on the railroad crossing was not a sufficient warning in this particular case because, they say, the conditions existing at the crossing on the night of the accident were such that the train was not plainly visible.
The Colliers maintain that the following conditions existed at the crossing on the night of the accident: The area surrounding the railroad crossing is a rural area, and there were no street lights or other lighted areas near the railroad crossing to provide illumination of the crossing. The railroad cars were black, and there were no lights or reflectors on the sides of the cars. It was dark and cloudy the night of the accident, which compounded the problem.
Barry testified that he had been familiar with this area for about 20 years and that he had become accustomed to seeing flares being used by CSX to indicate that a train was *1334 crossing the track at that intersection. Barry also testified that he did not see any flares on the evening of the accident. Additionally, Buck Cicero, a witness to the aftermath of the accident, testified in his affidavit to the following, in pertinent part:
“I did not notice any flares, etc. This area is so dark you can’t see anything. There are no lights in the area, it is pitch black.... When a train crosses these tracks, you cannot see it, especially if it isn’t morning or moving slow. This area really needs to be lit up; it is so dark and dangerous. This train had no lights that I could see and it was black.”
R.A. Crumbley testified in his deposition that the brakeman dropped one flare at the crossing on the night of the accident and that this flare was placed on the opposite side of the track from where the Collier vehicle approached the crossing.
After analyzing Alabama’s “stop, look, and listen” cases, the United States Court of Appeals for the Eleventh Circuit made the following pertinent statement in Stallworth v. Illinois Central Gulf R.R., 690 F.2d 858, 865 (11th Cir.1982):
“The general rule is that a motorist has a duty to stop, look and listen before crossing a railroad track. An exception arises when the evidence is such that a reasonable jury could determine that some peculiar environment or hazardous condition made the failure to stop not negligent.”
(Citations omitted.)
The court in Stallworth also stated the following:
“[A] train itself, present in the crossing, is sufficient warning to travelers that they must exercise caution. The presence of the train, however, does not reheve the railroad of the duty to warn under all circumstances. Some peculiar environment or hazardous condition may create a duty on the part of the railroad to provide special warnings. There is sufficient evidence in this case of a peculiar environment or hazardous condition to warrant submission to the jury of the issue of the railroad’s negligence.”
690 F.2d at 868 (citations omitted).
As previously noted, a summary judgment is rarely appropriate in negligence and personal injury cases. Cabaniss, 501 So.2d 1177.
In light of the foregoing, we find that there existed a genuine issue of a material fact regarding the negligence issue in this case. Consequently, the judgment of the trial court is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.
As the above is dispositive of this appeal, we pretermit discussion of the remaining issue raised by the Colliers.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
All the judges concur.