RICHARD L. HOLMES, Retired Appellate Judge.
Clint Shockley filed a complaint against Boston Mutual Life Insurance Company (Boston Mutual) and First Alabama Bank (First Alabama). The complaint alleged breach of contract, bad faith, fraud, misrepresentation, and deceit on the part of Boston Mutual and First Alabama in reference to a group accidental death and dismemberment policy issued to Shockley through his “Second Century” checking account with First Alabama.
Boston Mutual and First Alabama filed answers to the complaint. Thereafter, Boston Mutual and First Alabama filed separate motions for a summary judgment, along with briefs in support of the summary judgment motions, depositions, and other supporting documentation. Shockley filed a brief in opposition to the summary judgment motions, as well as depositions and other documentation in support of his position.
After a hearing the trial court issued an order, entering a summary judgment in favor of Boston Mutual and First Alabama. Shockley appeals the summary judgment entered in favor of Boston Mutual. Shockley does not appeal the summary judgment entered in favor of First Alabama. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal Shockley contends that the trial court committed reversible error when it entered a summary judgment in favor of Boston Mutual on the breach of contract and bad faith claims.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
We would note that the court must view the evidence in a light most favorable to the non-moving party and that all reasonable doubts must be resolved against the moving' party. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
Our review of the record reveals the following pertinent facts: Shockley became a “Second Century” checking account holder at First Alabama in 1984 or 1985. As one of the features of the “Second Century” account, all account holders were provided with $10,000 worth of insurance coverage through Boston Mutual, which covered accidents resulting in death, dismemberment, or permanent total disability.
Shockley testified that when he opened the account in 1984 or 1985, he did not complete any paperwork to obtain this coverage. Shockley also testified that the bank employee who handled the opening of his “Second Century” account told Shockley that he automatically got the policy because he was a “Second Century” account holder. Shockley stated in his deposition that it was his understanding that this policy covered only loss of sight and dismemberment. Shockley further testified that the first time he actually saw an insurance policy describing the coverage provided through the “Second Century” account was in 1993.
In October 1986 Shockley sustained a back injury as a result of an on-the-job accident. Shockley underwent three surgeries on his back in 1987 and has been unable to return to work since his injury.
In November 1987, due to a divorce, Shockley removed his wife from the “Second Century” account. At that time, First Alabama gave Shockley a new account number, and Shockley completed an application for $10,000 of accidental death and dismember *1261 ment coverage through his “Second Century” account.
In early 1988 ShocHey received a letter from First Alabama, which stated that First Alabama was offering him the opportunity to increase his accidental death and dismemberment coverage provided through Boston Mutual. A “Second Century Insurance Amendment” form was enclosed with the letter. On March 18, 1988, Shockley completed the amendment form and increased his coverage from $10,000 to $50,000.
In approximately August 1988 Shockley filed a claim for Social Security disability benefits, and he received these benefits in August 1989. Shockley settled his workers’ compensation claim in September 1989.
In approximately June 1993 Shockley learned for the first time that the accidental death and dismemberment coverage maintained through his “Second Century” account also provided disability benefits. In July 1993 Shockley completed a “Disability Benefit Claim” form and delivered the form to First Alabama to begin the process of making a claim for the disability benefits coverage provided through his “Second Century” account.
In May 1994 Shockley received a cheek for $10,000 from Boston Mutual. Shockley accepted this $10,000 check in partial payment of his $50,000 claim for disability benefits under his “Second Century” account at First Alabama.
Boston Mutual contends that it paid the proper benefit of $10,000 to Shockley because, it says, $10,000 coverage was the amount in force when Shockley’s accident occurred in 1986. Consequently, Boston Mutual argues that it did not breach its insurance contract with Shockley and that it did not act in bad faith in refusing to pay the additional $40,000 in disability benefits to Shockley.
Shockley contends that he should have received $50,000 in disability benefits for the following reasons: (1) There was no underwriting done for the application completed by Shockley in November 1987, which was after his October 1986 injury. (2) He responded to an open-ended solicitation to increase his coverage to $50,000 in March 1988, and he has paid the increased premiums since accepting this solicitation to increase his coverage. (3) He did not meet the policy’s definition of total disability without hope of improvement until after this solicited increase occurred.
The deposition of Robert Erlanger, an expert witness regarding insurance claims, was submitted to the trial court. Erlanger testified that one would normally look to the accident date to determine the amount of coverage. Erlanger further testified that in this particular case, there was an increase in coverage which was open to anyone who applied for the increase. Erlanger indicated that it was interesting to note that this solicitation to increase coverage did not specifically exclude individuals who currently had a claim or who were currently injured.
Erlanger stated that the following had been his experience while working in the insurance industry:
“[I]f [an insurance company is] going to increase coverage of any sort after a policy has been issued, ... [the] application [should have] health questionnaires, some of them are very perfunctory, like are you alive, do you smoke, things like this, but at least there is some attempt made to do some sort of underwriting.”
Erlanger further stated:
“What I am saying is that if they elected not to do [some underwriting], if they elected to make an open-ended invitation to the immediate world to increase their coverage, that if somebody does increase their coverage and you haven’t limited that in any way, then you don’t have any basis for denying the claim. Once you have opened that door, you have opened that door.”
In light of the foregoing, we find that there existed a genuine issue of a material fact as to whether, under the facts of this particular case, Boston Mutual was guilty of breach of contract and bad faith. The trial court erred in entering a summary judgment on the breach of contract and bad faith claims in favor of Boston Mutual. Consequently, the trial court’s judgment should be reversed and *1262 the canse remanded to the trial court for proceedings consistent with this opinion. We should not be understood as concluding that Shockley is entitled to recover on his “claims,” only that there does exist, under the facts and circumstances of this case, a genuine issue of a material fact that precludes a summary judgment.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
All the judges concur.