RICHARD L. HOLMES, Retired Appellate Judge.
Marian Johnson filed a complaint, alleging that on or about June 19, 1993, she left her 1982 Buick Riviera at Cartunes of Mobile, Inc., d/b/a All Tune and Lube (All Tune), for an engine tune-up and that All Tune stole the transmission from her automobile.
All Tune filed an answer, denying the allegations. Thereafter, All Tune filed a summary judgment motion and a brief in support of its motion, along with excerpts from Johnson’s deposition; affidavits from Bobby Smith, Stacey Howard, and John Wichmann; and other documentation.
Johnson filed a narrative summary and a brief in opposition to All Tune’s summary judgment motion, as well as her affidavit and additional excerpts from her deposition. Johnson also filed the affidavit of Charles Burse.
After a hearing the trial court issued an order, granting All Tune’s summary judgment motion in its favor.
Johnson appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue is whether the trial court committed reversible error when it granted All Tune’s summary judgment motion in All Tune’s favor.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
On appeal Johnson contends that she presented substantial evidence to the trial court regarding the existence of a genuine issue of a material fact. We cannot agree.
In his affidavit submitted in support of All Tune’s summary judgment motion, John Wichmann, All Tune’s owner, stated the following, in pertinent part:
*894 “[All Tune] is engaged in the business of oil changes, lubing of automobiles, wheel alignments, and engine repair. We are not engaged in the business of transmission repair, although the company adjacent to our building is a transmission repair shop.
[[Image here]]
“I was present at All Tune during the entire day which [Johnson] brought her car to All Tune. No person or employee at All Tune removed any transmission from her car. We did not have any transmission substituted into [Johnson’s] ear.
“... With the number of customers we had on the day in question, it was simply impossible for any of our staff to remove and replace the transmission, as alleged in [Johnson’s] complaint. Further, we do not have the necessary transmission repair tools to remove and replace transmissions.
“All Tune did not want the transmission, had no use for the transmission, and did not remove the transmission from [Johnson’s] car.
“... If any employee at All Tune removed [Johnson’s] transmission, it was removed after business hours and the person was acting solely for personal reasons, not for All Tune.”
In her deposition Johnson admitted that it was her decision to take her automobile to All Tune and leave it there while All Tune made the requested repairs. Johnson also admitted that when she took her automobile to All Tune, something was wrong with her automobile which caused it to be slow in changing gears. Johnson specifically testified that her automobile “acted like it didn’t want to change gears.” Additionally, we would note the following excerpts from Johnson’s deposition:
“QUESTION: Do you have any evidence that they intentionally set out to take your transmission out of your car?
“[JOHNSON]: No, I do not.
[[Image here]]
“QUESTION: Do you have any evidence that All Tune took your transmission and used it for any purpose?
“[JOHNSON]: No, I do not.”
As the trial court, relying upon Wint v. Alabama Eye & Tissue Bank, 675 So.2d 383 (Ala.1996), correctly stated: “Any allegation that [All Tune] may have removed [Johnson’s] car transmission is mere conjecture and speculation, and is not supported by any substantial evidence.”
In light of the foregoing, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
All the judges concur.