RICHARD L. HOLMES,
Retired Appellate Judge.
Larry Pope and Debra Pope appeal from the trial court’s order granting Colonial Bank’s (Colonial) summary judgment motion in Colonial’s favor as to all counts of the Popes’ complaint.
The Popes’ claims against Crystal Fresh, Inc., Tom Novetzke, R.M. Babington, and R.M.B. Enterprises, Inc., remain pending. The trial court determined that there was no just reason for delay and directed the entry of a judgment in favor of Colonial, pursuant to Rule 54(b), Ala.R.Civ.P. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The Popes contend that the trial court committed reversible error when it granted the summary judgment motion in Colonial’s favor because, they say, they submitted evidence which created a genuine issue of a material fact. Specifically, the Popes contend that they presented sufficient evidence to create a genuine issue of a material fact as to whether Colonial was guilty of fraud, intentional breach of duty, conspiracy, and untimely dishonor of a check, pursuant to Ala. Code 1975, § 7-4-302.
Rule 56(c), Ala.R.Civ.P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
Our review of the record reveals the following pertinent facts: The Popes and their company, Polar Pacific Enterprises, Inc., were involved in negotiations with R.M. Babington regarding the sale of a Crystal Fresh shaved ice distributorship. Babington gave the Popes a $75,000 check, dated March 18, 1995, and drawn on Colonial, in order to *125 purchase the distributorship from the Popes. It is Colonial’s dishonor of this $75,000 cheek which is the basis for the Popes’ claims against Colonial.
We would note that Babington had arranged a loan with Colonial and that this $75,000 check would not be “good” until Bab-ington’s loan with Colonial closed.
The Popes contend that when Larry Pope and Jon Sonmor, a bank officer with First Alabama Bank, contacted Ty Powell, a bank officer with Colonial, regarding the $75,000 cheek, Powell told them that “the loan will be closing Monday [April 3, 1995] afternoon. The funds will be available.” The Popes contend that, relying upon Powell’s representation, they deposited the check into their account with First Alabama Bank (First Alabama) and wrote checks on this account. First Alabama posted this $75,000 deposit to the Popes’ account on Friday, March 31, 1995.
Sonmor admitted that while he did not ask Powell to guarantee the check, “certify” the funds, or transfer the funds by an interbank wire transfer when the loan closed, he felt confident after his conversation with Powell that the funds would be available to cover the $75,000 check. However, we would note that Powell testified that he repeatedly told Larry Pope to wait until the loan closing to deposit the check.
Powell testified that the loan closed on the afternoon of April 3,1995, and that the funds from the loan were given directly to Babing-ton. The $75,000 cheek also arrived at Colonial for payment on April 3, 1995, and was placed in a suspended account because there were insufficient funds to cover the check.
Powell testified to the following in his deposition: He authorized the payment of the $75,000 check through the VECTOR system (for checks drawn on accounts which do not have sufficient funds) at approximately 8:00 a.m. on the morning of April 4,1995, because the loan had closed the previous afternoon. At approximately 9:30 a.m. on April 4, 1995, Powell received a telephone call from Bab-ington, who told Powell that there was a problem and that Colonial should not pay the $75,000 check. Immediately after this telephone call from Babington, Powell contacted customer service to reverse his VECTOR decision.
In short, the evidence presented indicates the following: Powell told Larry Pope and Sonmor that the loan would close on April 3, 1995, and that the funds would be available thereafter. These statements were, in fact, true — the loan closed on the afternoon of April 3, 1995, and the funds were given to Babington. There was no evidence presented which demonstrated that Colonial was aware that Babington would not deposit the loan proceeds into his cheeking account. In fact, Powell authorized the payment of the $75,000 check on the morning of April 4, 1995, because the loan had closed the previous afternoon.
Powell stated that he repeatedly told Pope to wait until the loan closing to deposit the check. Instead, Pope deposited the cheek into his First Alabama account on March 31, 1995. The evidence presented demonstrates that the $75,000 check arrived at Colonial on April 3, 1995, that Powell initially authorized payment on April 4,1995, and that this payment decision was reversed shortly after 9:30 a.m. on April 4, 1995, pursuant to Babington’s instructions. There was no evidence presented which demonstrated that Colonial missed its “midnight deadline” — “midnight on [the bank’s] next banking day following the banking day on which it receives the relevant item.”
The evidence presented fails to demonstrate any wrongdoing on the part of Colonial.
In light of the foregoing, we find that the Popes failed to present substantial evidence which created a genuine issue of a material fact that Colonial was guilty of fraud, intentional breach of duty, conspiracy, or untimely dishonor of a check, pursuant to Ala.Code 1975, § 7-4-302. Consequently, the trial court correctly entered a summary judgment in favor of Colonial.
The trial court’s judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status *126 as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
All the judges concur.