MONROE, Judge.
Terry G. Heathcock, as the personal representative of the estate of Ruby Payne, deceased; and as the personal representative of the estate of Jean Heath-cock, deceased, appeals from a summary judgment in favor of Wal-Mart Stores, Inc. This case was deflected to this Court by the Alabama Supreme Court, pursuant to § 12-2-7(6), Ala.Code 1975.
Ruby Payne was the mother of Jean Heathcock. In June 1995, Payne and Heathcock sued Wal-Mart. In their complaint, they stated that Payne was the “primary plaintiff’ because she was the person claiming to have been injured (she claimed to have been injured in the Wal- *710 Mart store located in Jasper) and that Heatheock is the “secondary plaintiff’ because she claimed to have suffered the loss of her mother’s companionship and to have suffered related mental and financial problems. Heatheock died in November 1998, and Payne died in January 2000. Terry G. Heatheock was substituted as the personal representative. There is no evidence that their deaths were related to the alleged incident at Wal-Mart.
The complaint alleges the following: That in May 1994, 85-year-old Payne was injured when she was struck by a “cargo dolly” or a similar hand-propelled vehicle, which was being operated by a Wal-Mart employee; that the impact knocked her to the floor; that the Wal-Mart employee did not stop and some Wal-Mart customers assisted Payne into a wheelchair and took her to the front of the store, where Heath-cock, who was shopping in another part of the store, was paged; that when Heath-cock arrived at the front of the store, she spoke with a Wal-Mart employee, who took down some information and told her that Wal Mart would be getting in touch with them; that a few days later, Payne and Heatheock returned to the Wal-Mart store to speak with its manager and to show him the bruises that had been caused by her accident; and that a few days after this visit to Wal-Mart, Heatheock took Payne to an emergency room, where she was treated and released. This emergency-room treatment was the only treatment Payne was alleged to have received for her injuries. The complaint further alleged that after her fall, Payne’s health sharply deteriorated and that she suffered heart attacks and strokes, became bedridden, and had to be placed in a nursing home. Payne and Heatheock sought damages for assault and battery, negligence, wantonness, breach of implied contract, the tort of outrage, and loss of companionship. After Payne died in January 2000, Payne’s attorney moved to amend the complaint to add a count alleging wrongful death.
Wal-Mart moved for a summary judgment. In support of its motion, Wal-Mart filed a brief, an affidavit, and excerpts from Heathcock’s deposition. Payne and Heatheock filed a response in opposition to Wal-Mart’s summary-judgment motion.
After conducting a hearing, the trial court entered a summary judgment in favor of Wal-Mart. Payne and Heatheock filed a postjudgment motion, which the trial court denied. This appeal followed.
Rule 56(c), Ala.R.Civ.P., provides that a summary judgment is appropriate in a situation where “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” It is well settled that the moving party has the burden of establishing that no genuine issue of material fact exists, and it is settled that all reasonable uncertainties regarding the existence of a genuine issue of material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmoving party to present substantial evidence creating a genuine issue of material fact. Porter, 636 So.2d 682.
In her deposition, Heatheock testified that she was not with her mother when the incident occurred, because she was in another part of the store. The only testimony Heatheock could offer about the actual incident was based upon what someone had told her. Heatheock was not aware of exactly where in the store the incident occurred. As to when the incident occurred, Heatheock said that it was either April or May 1994, but she was not sure what day of the week or what time of the month the incident occurred. Heatheock did not know the name of the person she *711 said spoke with her after her mother’s fall (she said that person was a black male and that she thought he was a Wal-Mart employee) or the full name of the manager they spoke with on their return visit (she said she thought that it was a “Mr. Davies”). Heathcock was not aware of the names of any witnesses to the incident or even the names of the Wal-Mart customers who helped her mother after the incident.
In his affidavit, Carl Simmons, a Wal-Mart employee, stated that Wal-Mart had searched its records and was unable to find any paperwork involving this incident and that none of the Wal-Mart employees knew anything about the incident.
In its order, the trial court noted that the only evidence presented regarding the alleged incident was hearsay and that Payne and Heathcock had not presented sufficient evidence to support their claims.
We note that the record contains a videotape of Payne made in October 1995, after this action was filed, wherein Heath-cock and their attorney were asking Payne repetitive and leading questions about the incident. Wal-Mart’s attorney was not present to question Payne. The trial court viewed the videotape and stated that it was “at best a self-serving testimonial which does not rise to the status of a deposition under the Rules of Civil Procedure.”
The judgment of the trial court is due to be affirmed.
AFFIRMED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.